Nov. Term, 1857.

WHITE
v.
ALLEN.

---

## WHITE and Another *v.* ALLEN.

*A.* contracted with *B.* to deliver a certain number of hogs, of a certain weight, at a certain place, by a certain time, at a certain price. *B.* paid a part of the price in hand. The parties were to meet the next day and reduce the contract to writing, when a second payment was to be made. *B.* was ready at the time and place, but *A.* did not appear, and subsequently he refused to perform. *Held,* that the contract was complete without being reduced to writing; that the payment of earnest took it out of the statute of frauds.

A bill of exceptions taken by an appellee, will not be noticed where no cross-errors are assigned.

APPEAL from the *Putnam* Circuit Court.

STUART, J.— Assumpsit commenced in *March,* 1853. The declaration is in the old form, containing several counts. The trial was under the new practice, and by the Court. At the request of parties the finding was special. 2 R. S. p. 115, s. 341. The Court found for *Allen,* the defendant, and gave judgment on the finding. *White's* motion for a new trial was overruled, exception taken, and

*Friday, December* 11.

Nov. Term,
1857.

WHITE
v.
ALLEN.

all the evidence, as well as the special finding, set out in the bill of exceptions.

The evidence is, in substance, that in *September,* 1848, *White,* by *Matlock,* his agent, contracted with *Allen* for 400 head of good merchantable hogs, to be delivered at *Madison,* between the 20th of *November* and the 20th of *December,* 1848, at the rate of 2 dollars and 75 cents per hundred pounds net. The hogs were to average 180 pounds net, and be well corn fatted. The contract was not reduced to writing, but there was 200 dollars paid in hand to *Allen.* They were to meet the next day, reduce the contract to writing, and 200 dollars more was to be paid, or left with one *Hammond.* It further appears that *White,* by his agent *Matlock,* was ready at the time and place; but that *Allen* failed to attend, and subsequently refused to perform, &c.

The record shows several bills of exception taken by *Allen* in the progress of the trial. But as there are no cross-errors assigned we cannot notice them.

*White* assigns several errors which all center in the special finding. That finding is in these words: " The Court find specially, that there was no contract between the parties, for the reason that it was not complete till it was reduced to writing. But that, so far as it was made, the terms thereof were correctly stated in the declaration; and that the plaintiff had complied with the alleged contract, by leaving the money, 200 dollars, at *Hammond's.* Further, that the Court does not find damages for the plaintiff for the failure to deliver the hogs, for the sole reason that the Court find that the contract was not completed till it should be reduced to writing."

The declaration alleges special damages; and in support of that point, it is proved that at the time and place of delivery, the ruling price was 3 dollars and 40 cents per hundred—an advance over the price contracted for, of 65 cents per hundred.

And the single question presented is, did the Court rule the law correctly in holding the contract incomplete.

The Court expressly find that the contract is, in other

respects, proved as laid in the complaint. Had there been no earnest paid, the ruling of the Court would have been correct. The contract would then have been within the statute of frauds, and void until reduced to writing. But by the payment of the 200 dollars, the contract was taken out of the statute, and became complete in itself. The writing was not material to its validity. When reduced to writing, it would indeed furnish a different kind of evidence of what the contract was; but reducing it to writing would not change its terms, nor add any weight or validity to it. It was, in short, a mere matter of convenience between the parties, coupled with the further step of paying 200 dollars more on the contract, and not an essential element to the existence of the contract. The parties might as well have said that upon the last payment the contract should be reduced to writing. Whether the stipulation had been to put it in writing on the second or the twenty-second payment, if there had been that many, was wholly immaterial; for the contract was already made and binding, independent of the subsequent payments or the writings connected with any of them.

We are of opinion that the plaintiff was entitled to re-cover for a breach of the contract on the part of *Allen.*

*Per Curiam.*— The judgment is reversed, with costs. Cause remanded, &c.

*J. Cowgill* and *J. P. Usher,* for the appellants (1).

*D. R. Eckels* and *D. E. Williamson,* for the appellee.

(1) Counsel for the appellants cited 3 Black. Comm. 442; 1 Bouv. Inst. 222, 284; 2 Kent's Comm. p. 494; Story on Sales, 246, 273, 274, 424, 426.