NUTTER *v.* THE JUNCTION RAILROAD COMPANY.

NUTTER
v.
THE JUNC-
TION RAIL-
ROAD CO.

The appellee must assign cross errors if he seeks to have them noticed in the appellate Court.

Where a verdict of a jury rests in calculation, and they find excessive damages, a new trial may be granted, if asked for, for such cause, and no remittitur is offered.

APPEAL from the *Fayette* Circuit Court.

*Friday,
December* 16.

HANNA, J.—*Nutter,* as assignee of *Cully,* sued the defendants.

The first paragraph is on an account; the second, on an account stated.

The account was made up of goods, moneys, &c., furnished to laborers, &c., on the second division of the road of defendants.

The defendants demurred, but we cannot pass upon that demurrer, nor upon the rulings of the Court in reference to various questions raised by the defendants during the progress of the trial, for the reason that no cross errors are assigned.

The defendants answered in three paragraphs—

1. A denial.

2. Set-off.

3. That the indebtedness accrued to *Cully* and *Nutter,* as partners, and not to *Cully* individually.

Reply in denial.

Trial by jury, verdict and judgment for plaintiff for 500 dollars, over a motion by plaintiff for a new trial.

It appears from the evidence that the defendants, previous to the first of *February,* 1854, had a contract with *Higdon* and *Chambers,* for the construction of the second division of said road; about that date, in consequence of the dissatisfaction of laborers and others, an arrangement was made by which the company, through agents, was to pay the laborers and others for work thereafter done, and materials, &c., furnished; but whether the contractors surrendered, and the company assumed absolute control, is, by the evidence, a controverted point. *Cully,* who was intro-

Nov. Term,
1859.

NUTTER
v.
THE JUNC-
TION RAIL-
ROAD CO.

duced as a witness, testified that *Woods*, the president and acting superintendant of the road, agreed that the defendants should pay, and that the defendants did pay, him 2,900 dollars, due said *Cully* from said contractors on the first of *February*, 1854. To this point, much of the voluminous testimony is directed.

We are not able to perceive how the jury, under the evidence, could find for the plaintiff the sum which was found. If anything should have been found, a point we do not express any opinion about, in view of the fact that another trial must be had, it was certainly a much larger sum than that named in the verdict, even if the debt of *Higdon* and *Chambers* accrued previous to *February* 1, should have been excluded. Whether that should be included or not in the charge against the company, is a question of fact proper for the jury hereafter to pass upon.

The claim of *Cully* accrued subsequent to *February* 1, is 9,404 dollars, which he swears to, and concerning which the directors, agents, and attorneys of the company, who were introduced by the defendants as witnesses, indirectly admit there was no controversy, by their testimony, to the effect that, in attempts to arrange the whole accounts, the matter in controversy was the fact whether the company were to pay the debt of *Higdon & Co.* to *Cully* prior to *February* 1, 1854.

The payments, according to the evidence of *Cully*, were about 7,000 dollars. *Chambers*, another witness, makes the amount less than that; and *Leach*, the secretary of the company, states the credits within his knowledge at a still greatly less sum.

After the first of *February*, it appears from the evidence that neither *Higdon* nor *Chambers*, the contractors, gave the work their personal attention; but that one *Byrom* received and paid out the money due on estimates, as the agent of the contractors and the company, as he states; and one *Chambers* kept, in the name of the said contractors, the accounts and books in regard to work done, materials, &c., furnished, and payments made. Whether he acted as a clerk and agent of the company, or in that ca-

pacity for the contractors, is a disputed question. He states that he was employed by, and acted for, the company. Members of the board, &c., state that·he was not in the employ of the company; but that the company paid him as any other person in the employ of the contractors was paid.

One paragraph of the complaint was based upon a balance of account struck by this witness and *Cully*, a statement or certificate of which he gave in writing, at the close of the business in *August*, 1854, which showed 6,178 dollars, 30 cents due *Cully* at that time. We have not been able to see that errors in this statement, at the time it was made, or payments afterwards made, were proved to an amount sufficient to reduce it near so low·as the sum for which the verdict was returned, even if it was at all taken as a basis for any of the calculations made by the jury.

This case, we think, falls clearly within the rule in reference to those in which we will revise the finding on questions of fact.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid* and *S. Heron*, for the appellants.

*S. W. Parker* and *J. C. McIntosh*, for the appellees.