## KAMMERLING ET AL. *v.* ARMINGTON.

SUPREME COURT.—*Assignments of Error.—Practice.*—Where, on appeal to the Supreme Court, errors are assigned by both appellant and appellee, the errors assigned by the latter will not ordinarily be examined when those assigned by the former prove harmless or ineffectual.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*J. D. Miller* and *F. E. Gavin,* for appellee.

BIDDLE, C. J.—Complaint on two promissory notes, made by the appellants, payable to T. M. Trisler, and assigned by Trisler to the appellee, who brings this action.

Answer: 1. That the notes are without consideration; and, 2. That they were given as part of the purchase-money for certain lands belonging to the estate of Michael L. Dailey, sold at public sale under an order of court, and purchased by appellants; that it was represented to them that Dailey died seized of the lands, when, in fact, he had no title thereto at the time of his death.

Replies filed; issues joined; trial by the court; finding

for the appellee; motion for a new trial; overruled; exceptions; judgment; appeal.

The appellants have not favored us with a brief, except a short one against a motion made by appellee to set aside the supersedeas, and in this they discuss neither the questions of law presented by the assignments of error, nor the sufficiency of the evidence to support the finding; nor can we find any error of law, or discover any deficiency in the evidence in the case, of which the appellants can complain. Perhaps, if the appellee had not prevailed below, it would have been our duty to have examined the cross-assignments of error more particularly than we have done. And we think the evidence in the case, which is all before us, fully sustains the finding. Indeed, the evidence introduced by the appellants tends more strongly to support the finding than it does to overthrow it. It shows that the appellants purchased the land under an order of court, and gave the notes sued on as part of the purchase-money; that Dailey, the decedent, at the time of his death, had a good title to the lands; and that the appellants are in the full enjoyment of their purchase. It seems to us that the appellee has more to complain of in the case than the appellants.

The judgment is affirmed, with costs and eight per cent. damages.