Feder *et al. v.* Field *et.al.*

No. 13,291.

## FEDER ET AL. *v.* FIELD ET AL.

SUPREME COURT.—*Dismissal of Appeal.—Effect as to Assignment of Cross-Er-rors.*—The dismissal of an appeal by the appellant does not carry the case so far as it is affected by an assignment of cross-errors.

SAME.—*Right to Assign Cross-Errors.*—The code makes no provision for the assignment of cross-errors by the appellee, but the practice has been so long recognized that it has become one of the unwritten rules of procedure.

SAME.—*Consideration of Cross-Errors.*—While cross-errors may be assigned, the court is not bound to consider them in every instance; but where the entire record and all the parties are properly before the court, the appellee will be awarded affirmative relief if he is entitled to it.

SAME.—*Notice.*—In the absence of a rule requiring it, the appellee, upon assigning cross-errors, is not bound to give notice to appellants who are active parties, but notice may be necessary as to persons who do not join in the appeal, or who are in court merely upon notice from the appellant.

PLEADING.—*Complaint.—Theory.—Judgment.*—A complaint must proceed upon a definite theory, the cause must be tried on the theory constructed by the pleadings, and such a judgment as the theory selected warrants must be rendered, and no other or different one.

SAME.—*Fraud.—Damages.*—A complaint seeking a recovery against some of the defendants upon a money demand for goods sold and delivered, and auxiliary equitable relief against other defendants as fraudulent judgment plaintiffs and vendees, does not entitle the plaintiff to a judgment for damages against all the defendants.

From the Miami Circuit Court.

*J. S. Frazer, J. S. Slick, W. D. Frazer* and *R. P. Effinger,* for appellants.

*N. W. Bliss, M. L. Essick, G. W. Holman, K. G. Shryock, H. J. Shirk, J. Mitchell, J. W. Rickel* and *M. R. Smith,* for appellees.

ELLIOTT, C. J.—The appellees assigned cross-errors and gave notice to the parties who did not join in the appeal. After the assignment of cross-errors was filed, the appellant

moved to dismiss the appeal, and obtained an order dismissing it. Very soon after this order was entered the appellees moved to reinstate the appeal upon their assignment of cross-errors, and their motion was sustained. The appellants now move to vacate the order reinstating the appeal of the appellees.

The contention of the appellants is, that the dismissal of the appeal by them carried the. entire case, while the appellees contend that the appellants' dismissal did not carry the appeal so far as it is affected by the assignment of cross-errors.

It is true, as appellants' counsel contend, that our code makes no provision for the assignment of cross-errors by the appellee. But the practice has been so long and so often recognized as an appropriate one that it must be regarded as one of the unwritten rules of procedure. *Johnson* v. *Culver,* 116 Ind. 278 ; *Evansville, etc., R. R. Co.* v. *Mosier,* 114 Ind. 447 ; *Rochester* v. *Levering,* 104 Ind. 562 (575) ; *Thomas* v. *Simmons,* 103 Ind. 538 ; *Kammerling* v. *Armington,* 58 Ind. 384 ; *Jenkins* v. *Peckinpaugh,* 40 Ind. 133 ; *Adler* v. *Sewell,* 29 Ind. 598 ; *Nutter* v. *Junction R. R. Co.,* 13 Ind. 479 ; *White* v. *Allen,* 9 Ind. 561.

A rule of this court, which has long been in force, recognizes the right to assign cross-errors. See Rule 14. The rule has so long and so steadily prevailed that it falls within the operation of the maxim that "The practice of the court is the law of the court." Broom Legal Maxims, 133.

The rule has much to commend it. Under its operation one appeal brings to the appellate court the entire controversy. By the one appeal as much can be accomplished as by two distinct appeals. If separate appeals were taken, then the only method of avoiding confusion would be to consolidate the cases, and this, while it would accomplish no more than a single appeal, would greatly increase the record and augment the costs. The rule is in harmony with the spirit of our code, since it tends to bring the merits of a contro-

versy before the court in a short and simple method.   It is consistent with the leading purpose everywhere manifested in our system of procedure, to bring all the parties concerned in a controversy, and all the questions growing out of a legal dispute, into court in one proceeding, so that by one judgment or decree the whole controversy may, if possible, be forever put at rest.

The rule which has so long prevailed, and which we here sanction and carry to its just and logical result, does no injustice to any party.   It prevents a multiplicity of appeals, and yet presents for adjudication the rights of all the parties properly brought before the court.   It enables the court to finally adjudicate upon the whole controversy.   It prevents one party from taking an advantage of the other by appealing, and, after the assignment of cross-errors, dismissing the appeal and carrying the entire case out of court.   It brings the practice on appeal into harmony with the practice in the trial courts, and gives uniformity and consistency to our system of procedure.   It simplifies the practice, and yet preserves all rights.

In deciding that cross-errors may be assigned, we do not, by any means, decide that it is necessary to consider them in every instance.   Nor do we decide that they are always, or, even generally, of controlling effect.   If, for instance, all that the appellee asks is an affirmance of the judgment, then all that it is necessary to do, in a case where an affirmance can be reached by disposing of the errors assigned by the appellant, is simply to consider and decide the questions presented by the appellant's assignment.   It is not every case where cross-errors will entitle the appellee to affirmative relief, for in many cases they can do no more than prevent a reversal or settle a question of costs.   Where, however, the entire record, and all the parties, are properly before the court on appeal, and it is manifest from the record before the court that the appellee has not received the relief to which he was entitled, this court may direct that it be awarded him.

Feder *et al. v.* Field *et al.*

In many cases the appellant may not bring such a record to this court as will present other questions than those arising on his assignment of errors, and in such a case the assignment of cross-errors would be unavailing. We do not mean to hold that the appellant is always bound to bring here a record that will benefit his adversary as well as himself; but there are many cases, and this is one of them, in which the whole record, with all the material questions, is necessarily brought before this court. With such a record before us, all questions should be decided, for, otherwise, the assignment of cross-errors would be an idle ceremony.

In many cases it may be necessary for the appellee to notify parties who do not join in the appeal in order to get them into court upon his assignment of cross-errors; but no notice is necessary, in the absence of a rule requiring it, where the parties are here as active appellants. Where one of several parties is actually in court as an actor, there is no necessity for giving him notice, unless some express rule requires it, for he is in court for all purposes legitimately connected with the cause. He is bound to take notice of the steps taken in the cause, unless, indeed, they are of an unusual character, or notice is made necessary by some rule 'of practice. A party in court, upon notice from the appellant, as a co-party, is, however, not always in court as to cross-errors, and to such a party it is necessary that notice be given; but if the party is before the court as one of the active participants in the controversy, he is not, in the absence of some rule, entitled to notice.

It is a general rule that if a court acquires jurisdiction for one purpose it will retain it for all purposes. *Field* v. *Holzman*, 93 Ind. 205; *Wood* v. *Ostram*, 29 Ind. 177.

We can conceive of no reason why this familiar rule should not apply to appellate proceedings. If a cause is in this court for the purpose of having an adjudication upon the questions presented by the appellant's assignment of errors, there is no reason why it should not be held to be here for

the purpose of adjudicating upon the questions properly presented by the record and the appellee's assignment of cross-errors. Our code means that this court shall decide upon the substantial merits of a controversy where it can be properly done, and it can, we believe, be properly done where there is a sufficient record, a proper assignment of cross-errors and all the parties are before the court in due course of law.

The motion to vacate the order reinstating the appeal is overruled.

The appeal is in this court on the assignment of cross-errors. The contention now is that the appellees were not awarded all the relief against all the defendants to which the facts specially found entitled them.. The appellees can not succeed unless the record affirmatively shows that they were entitled to judgment on the cause of action stated in the complaint. We say on the cause of action stated in the complaint, for the reason that no matter what other cause of action is shown, it will not avail. *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250.

It is not enough that facts are found in their favor, for it must also appear that their complaint entitled them to receive the relief they now demand.

Our judgment is that the facts stated in the special finding do not entitle the appellees to a judgment for damages against all of the defendants, and that the trial court awarded them all the relief they were entitled to receive under their complaint. A general outline of the complaint is given in the case of *Field* v. *Holzman,* 93 Ind. 205, and it is only necessary to add to what was there stated that the complaint does not proceed upon the theory that the plaintiffs were entitled to judgment for damages against all of the defendants, but that, as against the parties who conspired to secure the goods by fraudulent judgment, they were entitled to an injunction and to a decree setting aside the judgment and nullifying all claims asserted under it. The general frame and tenor of the com-

plaint, as well as the specific prayer, show that the theory on which the pleading is constructed is that the plaintiffs, here the appellees, were entitled to the relief we have stated and not to recover damages from all of the defendants. The law is well settled that a complaint must proceed upon a definite theory, that the cause must be tried on the theory constructed by the pleadings, and such a judgment as the theory selected warrants must be rendered and no other or different one. *Manifold* v. *Jones, ante,* p. 212; *Moorman* v. *Wood, ante,* p. 144; *Lane* v. *Schlemmer,* 114 Ind. 296; *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind 544 (564); *Carver* v. *Carver,* 97 Ind. 497; *First Nat'l Bank* v. *Root,* 107 Ind. 224; *Mescall* v. *Tully,* 91 Ind. 86.

The theory now put forth by the appellees is radically different from that chosen for the trial, but their change of theory is made too late to be of service. It may be that a case could have been made entitling the appellees to a judgment for damages against each of the appellants, but no such case was made, for the complaint seeks a recovery against some of the defendants upon a money demand for goods sold and delivered, and auxiliary equitable relief against others of the defendants as fraudulent judgment plaintiffs and vendees. It does not, at all events, declare upon a cause of action founded on a tort of all the defendants remediable in damages. The case is, in principle, precisely the same as that of a creditor suing his debtor on a promissory note, and asking to set aside a fraudulent conveyance in order to subject the property fraudulently conveyed to sale to satisfy his judgment.

This was the construction given the complaint when the case was here the first time, and is substantially that for which appellees' counsel then contended. *Field* v. *Holzman, supra.*

Very different allegations than those now contained in the complaint would be required to bring this case within the rule declared in *Phelps* v. *Smith,* 116 Ind. 387, *Blair* v. *Smith,* 114 Ind. 114, and like cases.

We do not controvert the general rule of law asserted by appellees' counsel, but we do affirm that the theory upon which they put the case to trial does not invoke the application of that rule.

The judgment is affirmed. It is adjudged that the appellants be taxed with all the costs in this court, except the cost of the transcript of the record, up to and including the motion to vacate the order reinstating the appeal, and that all other costs in this court, including the cost of the transcript of the record of the proceeding in the court below, be taxed against and recovered from the appellees who have assigned cross-errors.

Filed Feb. 20, 1889.