## HORNE *v*. HARNESS ET AL.

[No. 2,439.   Filed September 24, 1897.]

PRACTICE. — *Consolidation of Causes.* — The right to consolidate causes is one of the inherent powers of a court, which should be exercised only when necessary to the ends of justice, to avoid multiplicity of suits, and to save costs to litigants.   *p. 216.*

APPEAL.—*Consolidation of Causes in Appellate Court.—Dismissal.*— Where defendant appeals, and plaintiff files cross-errors, a second appeal from the same judgment, presenting the same questions, afterwards taken by plaintiff, will not be consolidated with the first, but will be dismissed.   *pp. 216, 217.*

SAME. — *Cross-Errors.— Dismissal by Appellant.*— The dismissal of an appeal by appellant does not carry with it the assignment of cross-errors.   *p. 219.*

From the Howard Circuit Court.   *Appeal dismissed.*

*A. L. Agnew, D. E. Kelly, B. Borders* and *J. O'Brien,* for appellant.

*B. F. Harness, C. N. Pollard* and *W. R. Voorhis,* for appellees.

WILEY, C. J.—Appellant sued appellees upon a promissory note.   Appellees filed a joint and several answer, and appellant Benjamin F. Harness filed a separate answer, one paragraph of which was a counterclaim.   Trial by jury.   Special verdict and judgment in favor of appellee Benjamin F. Harness on his counterclaim for $250.00.   This judgment was rendered April 16, 1896, and Benjamin F. Harness appealed therefrom and filed a transcript of the record in the clerk's office of this court April 5, 1897.   Said cause is numbered 2427, and entitled *Benjamin F. Harness et al.* v. *Walter J. Horne.*   April 10, 1897.   Walter J. Horne, appellant here, and appellee in that case,

appeared and filed an assignment of cross-errors. April 13, 1897, appellant procured and filed in the clerk's office of this court a transcript of the record in the same proceedings and assigned error thereon. June 4, 1897, appellant filed a motion to consolidate this case with No. 2427, and based his motion upon the following reasons: "1st. The parties to said appeal are the same. 2d. The questions to be determined in said appeals are identical. 3d. Said appeals are both taken from the same judgment."

June 5, 1897, appellees filed their motion and notice thereof to dismiss the appeal. So much of appellees' motion as is necessary to set out is as follows: "That these appellees duly prepared a full and complete transcript of said cause, of the proceedings of the court below, not including the evidence therein, and duly signed error, and filed the same in the office of the clerk of this court on the 5th day of April, 1895, making the said Walter J. Horne, appellee therein, and duly perfected said appeal by having the clerk of this court issue the proper notice of such appeal, and that the same was duly served upon the attorneys of record of the said Walter J. Horne, appellee in said cause, before the filing of the transcript in this court by said Horne in cause number 2439, and said appeal was duly perfected as provided by statute and the rules of this court for vacation appeals. Said cause being number 2427 in this court; and that the said Walter J. Horne has assigned cross-errors upon the transcript so filed by these appellees herein. * * * * That the transcript so filed by the said Walter J. Horne contains nothing more than the transcript filed by the herein named appellees in case number 2427; that all questions involved in this appeal can be fully presented and adjudicated upon by the transcript filed in this court by appellees herein in cause number 2427,

as can or may be adjudicated upon the transcript of said cause filed by the said Walter J. Horne, appellant herein."

The questions involved in these motions are questions of practice, important to the profession generally, and we deem it necessary and proper to embody our conclusions in an opinion.

We will consider the motions in their order. First: Under the facts stated, should the case under consideration be consolidated with cause number 2427, entitled *Benjamin F. Harness et al.* v. *Walter J Horne?*

There is no general statute authorizing the consolidation of causes, either in the circuit or appellate courts. In *Oldfather* v. *Zent,* 11 Ind. App. 430, this court held that "the power to consolidate causes, however, is one of the inherent powers of a court. A court should always be possessed of the power to make orders which will expedite its business, prevent costs and a multiplicity of suits when one will answer all the purposes of justice."

In our judgment, however, this power should only be exercised when necessary to the ends of justice, to avoid a multiplicity of suits, and to save the litigants all possible costs. In the case from which we have just quoted, appellant appealed from a judgment rendered against him June 19, 1893. On March 9, 1894, the appellant commenced an action against appellee, praying that he be granted a new trial on account of newly discovered evidence after the term at which the judgment was rendered against him. To this complaint the court sustained a demurrer, and he appealed. On appeal, appellant moved to consolidate the two causes, and this court very properly sustained the motion.

But in the case at bar, what good purpose could be subserved by the consolidation of this case with cause

Horne *v.* Harness *et al.*

number 2427? Appellant's reasons for asking the consolidation are already set out in this opinion. In his brief in support of the motion to consolidate, appellant says: "The appellant makes this motion to save costs and expense, and for the convenience of the court." He further says that in cause number 2427 he filed his assignment of cross-errors, but that there was no statutory provision for assignment of cross-errors, and that while the same was well recognized by the Supreme Court and this court, there does not seem to be anything to prevent the appellant in number 2427 dismissing his appeal, and then it becomes a serious question as to whether the dismissal of the appeal would carry out of court the cross-assignment of errors.

We have taken occasion to examine the records in these two cases, and they are identical in all respects. Appellant's assignment of error in the case at bar is identical with his assignment of cross-errors in cause number 2427. The question is not presented as to whether there can be two appeals from the same judgment, involving the same question or questions and between the same parties, but we hold that there is no necessity for it. Under the practice of the Supreme and Appellate Courts, and by express provisions and rule four of this court, the appellee in all appeals may assign cross-errors, and thus present any question in the record that may have been decided adversely to him in the trial court. This being true, there is no reason or necessity for a second appeal. Such second appeal is against the policy of the law that a multiplicity of suits and an unnecessary accumulation of costs shall be avoided. Appellant suggests as one reason why his motion to consolidate should prevail, is that if appellant in number 2427 should dismiss his appeal, such dismissal might carry with it his assign-

ment of cross-errors in the latter case. There is no merit in this contention; while, on the contrary, it has been held that the dismissal of an appeal by the appellant does not carry with it the assignment of cross-errors. *Feder* v. *Field*, 117 Ind. 386. In the case last cited Elliott, C. J., speaking for the court, said: "A rule of this court which has long been in force, recognizes the right to assign cross-errors. The rule has so long and so steadily prevailed that it falls within the operation of the maxim that 'The practice of the court is the law of the court.'

"The rule has much to commend it. Under its operation one appeal brings to the Appellate Court the entire controversy. By the one appeal as much can be accomplished as by two distinct appeals. If separate appeals were taken, then the only method of avoiding confusion would be to consolidate the cases, and this, while it would accomplish no more than a single appeal, would greatly increase the record and augment the costs. The rule is in harmony with the spirit of our code, since it tends to bring the merits of a controversy before the court in a short and simple method. It is consistent with the leading purpose everywhere manifested in our system of procedure, to bring all the parties concerned in a controversy, and all the questions growing out of a legal dispute into court in one proceeding, so that by one judgment or decree the whole controversy may, if possible, be forever put at rest. The rule which has so long prevailed and which we here sanction and carry to its just and logical result, does no injustice to any party. It prevents a multiplicity of appeals, and yet presents for adjudication the rights of all the parties properly brought before the court. It enables the court to finally adjudicate upon the whole controversy. It prevents one party from taking an advantage of the other by appealing,

Horne *v.* Harness *et al.*

and, after assignment of cross-errors, dismissing the appeal and carrying the entire case out of court. It brings the practice on appeal into harmony with the practice in the trial courts, and gives uniformity and consistency to our system of procedure. It simplifies the practice, and yet preserves all rights. * * * *

"If a cause is in this court for the purpose of having an adjudication upon the questions presented by the appellant's assignment of errors, there is no reason why it should not be held to be here for the purpose of adjudicating upon the questions properly presented by the record and the appellee's assignment of cross-errors. Our code means that this court shall decide upon the substantial merits of a controversy where it can be properly done, and it can, we believe, be properly done where there is a sufficient record, a proper assignment of cross-errors and all the parties are before the court in due course of law."

In an appellate tribunal an assignment of cross-errors serves the same purpose as a cross-complaint in a trial court. In the latter case, the cross-complainant seeks by his plea for affirmative relief. A dismissal of the original action does not carry with it the cross-complaint, but the cross-complainant may proceed thereunder and recover such relief as that to which he may be entitled. By an assignment of cross-errors, the appellee asks the court to adjudicate upon such questions as are thus raised and grant him affirmative relief therein, and though the appellant may dismiss his appeal he cannot dislodge the case from the court as to any questions properly presented by the assignment of cross-errors, and the court will proceed to fully adjudicate thereon.

Under the rights thus reserved to an appellee by his assignment of cross-errors, an appellate court will not countenance a subsequent appeal by him, where the

record presents the same questions presented on the first appeal. Should appellant's motion to consolidate prevail, it could not save him any rights not secured by his assignment of cross-errors in the first appeal, would necessarily incumber the record, augment the costs, and entail upon the court additional labor.

What we have said on the motion to consolidate, applies with equal force to the motion of appellees to dismiss the appeal. There is no good reason why this appeal should have been taken, and as appellant can not secure any rights under it that have not been reserved to him by his assignment of cross-errors, appellees' motion to dismiss must prevail.

It is therefore ordered that the appellant's motion to consolidate this cause with cause number 2427, entitled *Benjamin F. Harness et al.* v. *Walter J. Horne,* be overruled, and that the appellees' motion to dismiss be sustained.