ZEPLOVITZ ET AL. *v.* FOLK, RECEIVER, ET AL.

[No. 26,396. Filed October 31, 1935. Rehearing denied January 14, 1936.]

*John M. Stinson, Alvin B. Lowe* and *Schuyler C. Dwyer,* for appellants.

*Bomberger, Peters & Morthland* and *A. H. Highland,* for appellees.

TREANOR, C. J.—This is an appeal from an interlocutory order appointing a receiver for certain real estate, which order was entered in a proceeding ancillary to a suit brought by the plaintiff to foreclose a mortgage upon the real estate. The order appealed from was entered on October 26, 1933, pursuant to notice and hearing, at which hearing the appellants Zeplovitz and Zeplovitz appeared; and evidence, both documentary and oral, was received. On November 3, 1933, the appellants filed an appeal bond in the trial court, and the court made an entry as of October 31, 1933, *nunc pro tunc,* showing that the defendants Zeplovitz and Zeplovitz prayed an appeal. On November 4, 1933, the appellants tendered their Special Bill of Exceptions to the trial court for examination, approval and filing.

This Special Bill of Exceptions consisted of appellants' statement of the alleged errors committed by the trial court in the reception of evidence at the hearing and in its decision rendered upon the hearing, and all of the rulings therein complained of are set out in the assignment of errors.

Appellee Harry E. Folk, as Receiver of the First Trust & Savings Bank of Hammond, has filed a motion to dismiss this appeal upon the grounds, (a) that no question is presented for the reason that the evidence has not been made a part of the record on appeal, whereas the appeal is wholly based upon alleged errors which are dependant for their determination upon the evidence; and (b) that appellants' brief has not been prepared in conformity with the rules of this court.

On the last day of the time allowed by statute for an appeal[1] the appellants filed a transcript in this court. This transcript did not include a bill of exceptions containing the evidence. It does include what purports to be a complete copy of the record made in the trial court; but there is no entry showing that the trial court was requested to extend, or had extended, the time for presenting to it and filing a bill of exceptions containing the evidence. A bill of exceptions containing the evidence was not presented to the trial court for approval until after the end of the term at which the interlocutory order was made and after the expiration of the time allowed for appeal. What purports to be a bill of exceptions No. 2, containing the evidence, was filed with the clerk of this court on November 23, 1933, more than ten days after entry of the interlocutory order appealed from and after the term of court at which that order

1. "In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten (10) days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; . . ." §3-2603, Burns Ind. St. Ann. 1933; Acts 1881 (Spec. Sess.), ch. 38, §254, p. 240.

was made. It is not accompanied by an order-book entry over the certificate of the clerk of the trial court showing that it was ever filed in the cause in that court after having been approved, signed and ordered filed by the trial court.

While an original signed order of the court, which accompanied this purported bill of exceptions No. 2, recited that the bill of exceptions was presented to the trial court "within the time allowed by the court for filing their Bill of Exceptions," such a statement does not have the effect of showing that time was allowed. There must be an order-book entry showing the granting of time for presenting a bill of exceptions. *Gray* v. *McLaughlin* (1921), 191 Ind. 190, 192, 131 N. E. 518, and cases there cited.

At the time the transcript was filed in this court, November 6, 1933, appellants filed their petition with this court alleging that the reporter of the Lake Superior Court then had in course of preparation a transcript of the evidence, and asked that this court order and direct that reporter "to complete the transcript of the record in this cause and to file same in this Court."[2] The petition was accompanied by a communication from the reporter, addressed to counsel for appellants, stating, in effect, that the completion of the bill of exceptions would require two more weeks. Even if this court could have required the reporter to do the thing requested, such action would have been unavailing to appellants because it would not have had the

2. "Any Appellate Court shall have full power to compel any inferior court, board or officer exercising judicial function, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tribunal, board, officer or person, and the production of any paper, whenever it shall be necessary for the proper determination of any cause or proceeding pending before the Appellate Court. . . ." §2-3224, Burns, etc., 1933; Acts 1881 (Spec. Sess.), ch. 38, §664, p. 240.

effect of making the bill of exceptions a part of the record upon appeal. Such an order could not have the effect of dispensing with the necessity of submitting a bill of exceptions containing the evidence to the trial court for its examination, approval and filing within time allowed by that court. The issuance of such an order out of this court would not have cured the defect in the record arising from appellants' failure to secure an order from the trial court allowing time within which to present to it a bill of exceptions containing the evidence for its approval and signature.

Appellee is correct in his contention that a determination of the questions presented by this appeal requires a consideration of the evidence introduced upon the issues raised by the verified application for appointment of a receiver and appellants' affidavit resisting such appointment. Since the record on appeal does not include a bill of exceptions containing the evidence introduced upon the trial, it follows that the questions sought to be presented cannot be considered and the appeal must be dismissed.

Appeal dismissed.