ZIMMERMAN ET AL. *v.* ZUMPFE ET AL.

[No. 27,510. Filed April 7, 1941. Rehearing denied May 2, 1941.]

478

*Todd & McCormack,* of Indianapolis, for appellants.

*Davis, Pantzer, Baltzell & Sparks, Bachelder & Bachelder, Fred Barrett,* and *Gustav H. Dongus,* all of Indianapolis, for appellees.

RICHMAN, J.—Appellants are the holders of about 8% of the preferred stock of Piccadilly Realty Company, appellee David J. Smith holds the common stock, appellee McKinney is the receiver and the remaining appellees for themselves and others hold and represent the other 92% of the preferred stock of the company.

Appellants in describing the "nature of the action" say that they are seeking an appeal "from motion for new trial and petition on motion to set aside confirmation of a sale of all of the assets of Piccadilly Realty Company to a corporation known as Indianapolis Piccadilly Corporation, based on objections filed by such preferred stockholders to confirmation of such sale." Their assignment of errors is that "there is a manifest error in the proceedings and judgment" in that "the trial court erred in overruling appellant's motion for new trial entitled as follows:

"Motion by stockholders to set aside confirmation of sale to Indianapolis Picadilly Corporation and vacate all proceedings entered in this cause directing the sale of the assets of Piccadilly Realty Corporation to Indianapolis Piccadilly Corporation, and to vacate all proceedings approving reorganization plan of organization of Indianapolis Piccadilly Corporation, and for new trial of the issue presented to this court for sale of the physical assets of the Piccadilly Realty Corporation."

Appellee Smith assigned cross-errors stating "there is manifest error in the judgment and proceedings, prejudicial to said appellee in this cause in this:

"The court erred in confirming the sale of the assets of the Piccadilly Realty Company after having found in its decree that said company was solvent, had paid all of its debts and was making a profit in its operation.

"The court erred in taking any action other than to terminate the receivership when it found in its decree that all of the creditors were paid and the property was being operated at a profit."

These pleadings in this court are set out thus fully because it is not apparent from what judgment the appeal is sought. Obviously no appeal lies from a "motion for new trial" or from a "petition on motion." None of the complaining parties specifies which of several orders appearing in the transcript is the judgment we are asked to reverse.

Appellees Zumpfe et al. have filed a motion to dismiss the appeal both as to appellants and appellee Smith. In the briefs on this motion the parties assume that the judgment in question is the order confirming the sale, not the order overruling appellant's so-called motion for a new trial.

The record shows that the order of sale was entered July 1, 1939, the order confirming the sale December 19, 1939, and that appellant's motion to set aside confirmation of the sale (the so-called motion for new trial) was filed January 13, 1940, and overruled April 2, 1940. The transcript with assignment of errors and assignment of cross-errors was filed July 1, 1940.

Except in certain cases where interlocutory orders may be appealed, no appeal lies from other than a final judgment. In this case the order entered in the December, 1939, term confirming the sale was such a judgment. That term had expired when the next step was taken January 13, 1940. If appellant's motion that day filed was a motion for new trial

the time for appeal ran from the date it was overruled. Otherwise the appeal was too late.

The motion in question as shown by its title above quoted was essentially a motion to vacate the judgment. It had a prayer asking only "that the court completely vacate all proceedings herein, as may concern any step in the sale of said assets of this trust to Indianapolis Piccadilly Corporation." In the body of the motion after first asking the court to vacate "confirmation and approval" of said sale and all steps leading thereto it adds: "and move the court for new trial of the issue presented to his (sic) court involving the sale of the assets of such trust" for four specific reasons substantially as follows: (1) error in approving a reorganization plan; (2) error in overruling objections of appellants to confirmation of bid; (3) error in confirming the bid and approving sale to Indianapolis Piccadilly Corporation; (4) error "in assuming judicial supervision" of said corporation.

Our statute, § 2-2401, Burns' 1933, § 368, Baldwin's 1934, prescribes eight grounds for new trial none of which, and particularly the sixth, is assigned in this motion. Where upon evidence submitted the trial court has made a finding, the question whether the evidence is sufficient to support the decision is not presented unless assigned as ground for new trial. The record shows that evidence was submitted when the receiver's report of sale was confirmed and the order of confirmance was based upon the evidence, which has not been brought into the record by bill of exceptions. Under these circumstances appellees Zumpfe et al., citing *Zeplovitz* v. *Folk, Rec.* (1936), 209 Ind. 408, 197 N. E. 915, assert that no question is presented and the appeal should be dismissed.

Appellants filed no brief against the motion to dismiss, but appellee Smith in his brief thereon says that the facts were found by the court so that it was unnecessary to bring the evidence into the record by bill of exceptions. The issue arose on exceptions to a report of sale. The only facts stated were in connection with the order of sale made months prior thereto. At neither time was there request for a special finding of facts, so that what the court stated as facts, even if the order of sale and the order confirming the sale were made on the same facts, was only a general finding not dispensing with a bill of exceptions containing the evidence. *Chicago etc. R. Co.* v. *Public Service Comm.* (1933), 205 Ind. 253, 260, 186 N. E. 330. But appellee Smith makes the further novel contention that we may look to a bill of exceptions filed in a prior appeal seeking to review the order to sell, *Smith* v. *Zumpfe et al.* (1940), 217 Ind. 431, 27 N. E. (2d) 878, to determine upon what evidence the court later confirmed the sale. While we might search and judicially notice the record in a former appeal in order to sustain a judgment we have no obligation to make such a search to prevent the dismissal of an appeal from that judgment. We think the motion to dismiss is well taken on the ground that no question is presented and also on the further ground that it was not perfected within the 90 days provided by law.

Appellant's motion to vacate the order was not a motion for a new trial and the appeal is not saved on that ground. Motions to modify or in arrest of judgment do not serve to extend the time for appeal. Ewbank's Manual of Practice (2d. Ed.) § 101, p. 205; *Blaemire* v. *Barnes* (1910), 173 Ind. 657, 91 N. E. 232.

An application to vacate a judgment made after the term at which it was entered may not be entertained without notice to adverse parties. *Jenkins* v. *Corwin* (1876), 55 Ind. 21. The record shows no such notice. No attempt was made to comply with § 2-2605 and § 2-2608, Burns' 1933, § 429 and § 432, Baldwin's 1934, which likewise require notice. These sections provide adequate remedy for reviewing judgments after term for error of law. But questions of fact were also involved in the court's decision to confirm the sale and without seeing the evidence upon which he acted we are not able to review his decision. So from any standpoint no question is presented by a timely appeal.

Finally appellee Smith contends that his cross-errors may be considered even though the appeal be dismissed as to appellants. Rule 7 of the June 21, 1937 Rules of this court, in force when this appeal was taken, provides:

> "No assignment of cross-errors seeking a reversal of the judgment shall be made after the time allowed for taking an appeal."

If appellants had perfected an appeal within the time allowed by bringing to this court a question properly presented, there would be merit in Smith's contention. But we have never had jurisdiction of the original appeal and the assignment of cross-errors does not give us jurisdiction. The cases of *Horne* v. *Harness* (1897), 18 Ind. App. 214, 47 N. E. 688; *Feder* v. *Field* (1889), 117 Ind. 386, 20 N. E. 129; and *American Mutual L. Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 70 N. E. 258, are not in point. The first two hold, and the third is based on the premise, that when the court has acquired jurisdiction voluntary dismissal

of the appeal by appellant will not affect the cross-errors over which appellant has no control.

For the reasons given the appeal as to all parties is dismissed.

SWAIM, C. J. Not Participating.

NOTE.—Reported in 33 N. E. (2d) 102.