MCINTOSH *v.* MONROE ET AL.

[No. 28,905. Filed April 15, 1953.]

*Ramon A. Perry* and *Dalton C. McAlister,* both of Fort Wayne, for appellant.

*Winslow VanHorne,* of Auburn, for appellees.

GILKISON, J.—Appellees filed their complaint in the DeKalb Circuit Court to enjoin appellant from engaging in the sale of alcoholic beverages at his place of business in St. Joe, Indiana. The cause was sent to the Steuben Circuit Court on change of venue, where it was tried by the court and thereafter, on January 6, 1951, the court rendered its finding and judgment as follows:

"The court now finds for the plaintiffs on their complaint and against the defendant and that the defendant is now engaged in the sale of alcoholic beverages in premises in St. Joe, Indiana, located within 200 feet of the St. Marks Lutheran Church, by virtue of a certain permit issued by the Indiana Alcoholic Beverages Commission on or about February 15, 1950; and further, that the sale of alcoholic beverages in said premises is in violation of the law; and that the allegations of plaintiffs' complaint are true and proven.

"It is now therefore considered, adjudged and decreed by the court that the defendant be and he is hereby permanently enjoined from engaging in the sale of alcoholic beverages in the premises in St. Joe, Indiana, now occupied by him for said purpose by virtue of a permit issued by the Indiana Alcoholic Beverages Commission.

"It is further adjudged and decreed that the defendant shall pay the costs of this action made and taxed at $————."

The record further discloses data as follows:

On February 3, 1951 the defendant filed his motion for new trial upon which motion oral argument was heard by the Court on the 31st day of March, 1951.

On the 3rd day of April, 1951 the motion for new trial was overruled.

On the 13th day of November, 1951 a petition to enforce the injunction was filed in the Court with supporting affidavit upon which petition the Court

issued a rule to show cause against the defendant, Charles McIntosh, on the 17th day of November, 1951 at 10:00 in the forenoon at the Court House at Angola, Indiana.

On the 13th day of November, 1951 the respondent, Charles McIntosh, filed answer to discharge the rule and evidence was partly heard on the petition to enforce the injunction and the cause was continued for further evidence and findings and judgment until November 21, 1951.

On the 21st day of November, 1951 the matter was continued until November 28, 1951 at 10:00 A.M. for the conclusion of the evidence, findings and judgment.

On November 28, 1951 evidence was concluded and the Court found the defendant guilty of indirect contempt by reason of his failure to obey an order of injunction issued by the Court on January 6, 1951 and adjudged that the petitioner recover of the defendant the sum of $125.00 as compensatory damages and that the defendant should deliver to the Court the permit issued by the Alcoholic Beverages Commission to be held by the Court pending the disposition of an appeal if any be taken. Costs were adjudged against the defendant.

On the 31st day of December, 1951 the defendant, by counsel made what seems to have been an oral motion to set aside the entry of the 3rd day of April, 1951 overruling defendant's motion for a new trial.

On the 2nd day of January, 1952 by agreement of the parties by counsel, the Court set aside the entry of April 3, 1951 overruling the defendant's motion for new trial and reinstated the judgment theretofore rendered on plaintiff's complaint and on the latter date the Court overruled the motion for new trial again and attempted to grant the defendant 90 days time in which to perfect his appeal.

From the record as noted above it appears conclusively that a judgment in this cause was rendered on January 6, 1951 and defendant's motion for new trial was overruled on April 3, 1951. At that time the judg-

ment became final, subject only to the right of appeal by the defendant. See collection of authorities in *Todd* v. *State* (1951), 229 Ind. 664, 690 et seq., 101 N. E. 2d 45. It has been correctly stated that:

> "No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes . . . or to reinstate a cause dismissed by mistake . . . from which it follows that no change or modification can be made, which may substantially vary or affect it in any material thing." *Sibbald* v. *The United States* (1838), 12 Pet. 485, 492, 9 L. Ed. 1167, 1169.

Our court has stated the rule thus:

> "An adjudication once had between the parties bars and cuts off all future litigation, not only as to what was actually litigated and determined, but as to all matters that might have been litigated and determined in the action. This is the established doctrine of this court from the beginning." (Authorities cited). *Wright* v. *Anderson* (1889), 117 Ind. 349, 354.

Since the judgment rendered on January 6, 1951, and upon which defendant's motion for new trial was overruled on April 3, 1951 became a final judgment, the trial court was without jurisdiction on January 2nd, 1952, even with the consent of the parties to set aside its action in overruling the motion for new trial on April 3, 1951, to reinstate the judgment and again overrule the motion for new trial, and to grant defendant ninety days time within which to perfect his appeal. This action by the trial court is null and void. The judgment stands as rendered on January 6, 1951, upon which the motion for new trial was overruled on April 3, 1951.

Under our Rule 2-2 the assignment of errors and transcript of the record must be filed in the office of

the Clerk of the Supreme Court within ninety days from the date of the judgment or the ruling on the motion for new trial. Appellant has made no effort to obtain an extension of time within which to file his transcript and assignment of errors as provided for in this rule, and there is no claim that he was under legal disability at the time the judgment was rendered. The record shows that the transcript and assignment of errors were filed with the Clerk of this court on March 27, 1952 some 358 days after the motion for new trial was lawfully overruled. The void action of the trial court noted could not and did not affect the judgment rendered or toll the time within which to perfect the appeal.

For the reasons noted it is ordered that the appeal be, and the same is, hereby dismissed.

NOTE.—Reported in 111 N. E. 2d 658.