HERALD ET AL. *v.* MARION COUNTY PLAN
COMMISSION ETC.

[No. 18,838. Filed June 19, 1956. Rehearing denied
October 11, 1956.]

*John H. Baldwin*, of Indianapolis, for appellants.

*Robert S. Smith*, of Indianapolis, for appellee.

KENDALL, C. J.—Appellee has filed motion to dismiss this appeal, contending that this court is without jurisdiction by reason of the fact that the assignment of errors and the transcript of record were not filed in the Clerk's Office of this court within ninety (90) days from the date of the judgment of dismissal from which the appeal is attempted.

Appellants filed in the lower court petition for Writ of Certiorari from recommendations made by appellee commission pursuant to §53-755, Burns' 1951 Replacement.

On November 7, 1955, the trial court sustained appellee's motion to dismiss and entered judgment accordingly. On December 5, 1955, appellants filed motion for new trial which was overruled on December 13, 1955. On November 18, 1955, appellants filed motion to set aside the judgment of the trial court entered on November 7, 1955, which was overruled December 13, 1955. On March 7, 1956, appellants filed transcript of record and assignment of errors in the Clerk's Office without any prior extension of time being granted by this court.

The sole question for determination in appellee's petition to dismiss is, was the date when final judgment

was rendered November 7, 1955, when the court sustained appellee's motion to dismiss or was it December 13, 1955 when the trial court overruled appellants' motion to set aside the judgment?

Appellants argue that the judgment rendered November 7, 1955, did not become a final judgment until December 13, 1955, and that until December 13, 1955, the matter was held by the court *in fieri*. Appellants rely strongly upon the case of *Pittsburgh, etc., R. Co.* v. *Kearns et al.* (1920), 191 Ind. 1, 128 N. E. 42, which held that the filing of a motion to modify judgment suspends and postpones the finality of the judgment until the motion is overruled.

In the recent case of *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961, the Kearns case, *supra*, was criticized, and, later, in the case of *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102, the Supreme Court stated:

> "Motion to modify or in arrest of judgment do not serve to extend the time for appeal."

In that case, the Kearns case, *supra*, relied upon by appellants is not mentioned.

In the recent case of *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796, Judge Emmert stated:

> "Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a judgment do not extend the time for perfecting appeal. . . . The case of *Pittsburgh, C., C. & St. L. R. Co.* v. *Kearns,* . . . on extending time for appeal, must be considered overruled."

Further, in the case of *Bachelder* v. *Parker* (1947), 118 Ind. App. 266, 74 N. E. 2d 926, this court held that an appeal from an overruling of a motion to set aside the dismissal of an action must be perfected within ninety (90) days from the date of dismissal of the

action or the appeal is too late, citing *Zimmerman* v. *Zumpfe, supra.*

In view of the later cases of this and the Supreme Court decided after the Kearns case, *supra,* we hold that the ninety days for filing the transcript and the assignment of errors began to run from the date of final judgment rendered by the trial court on November 7, 1955. As a result thereof, we are without jurisdiction.

Appeal dismissed.

NOTE.—Reported in 135 N. E. 2d 526.