ANDREWS *v.* CITY OF RICHMOND
YOUNG *v.* CITY OF RICHMOND

[Nos. 19,538 and 19,539. Filed December 22, 1960.]

*Livengood & Reinke,* of Richmond, for appellants.

*Andrew C. Cecere,* of Richmond, for appellee.

Ax, C. J.—Due to the fact that the issues, pleadings, the factual situations and questions presented in each of these two cases are identical, both cases involving the same appellee, only appellant in each case being a different person, and all briefs being the same with exception of the difference of the appellants, for the purpose of brevity and in order to avoid the unnecessary cluttering of published reports, we are holding the following opinion as applicable to both of the above numbered causes:

The court below on April 14, 1960, rendered the following judgment:

"The Plaintiff having failed to plead over or reply to the third paragraph of answer, as ordered on overruling of demurrer to the answer on March 3, 1960, therefore the Court now renders judgment against the Plaintiff on the demurrer and the pleadings herein.

It is therefore ordered that the Plaintiff take nothing on his complaint and pay the costs."

On April 28, 1960, appellant filed a motion to set aside this judgment, which motion was overruled on June 13, 1960. On August 19, 1960, appellant filed his praecipe for transcript on appeal.

On September 6, 1960, the appellant filed with this Court a petition for extension of time within which to file his assignment of errors and transcript of record. In said petition, the appellant alleged "that on June 13, 1960, a judgment was rendered against the appellant in favor of the appellee." Thereafter, on September 12, 1960, this Court granted to appellant this extension of time to and including October 13, 1960.

Thereafter, the record reveals that appellant on October 5, 1960, filed in this Court the transcript and assignment of errors under Rule 2-14, and subsequently on November 4, 1960, filed his brief.

On November 9, 1960, appellee filed its motion to dismiss, alleging in substance that this Court is without jurisdiction because of the fact that more than ninety (90) days had elapsed between April 14, 1960, being the date of said final judgment and the date on which appellant filed his petition for extension of time to file assignment of errors and transcript of record, namely, on September 6, 1960. Appellee's brief in sup-

port of this motion was filed herein on November 15, 1960.

The issue, concisely phrased, is: Was the appellant's assignment of errors and transcript of the record filed in the office of the Clerk of the Appellate Court within the time provided by Rule 2-2 of the Supreme and Appellate Courts?

There can be no question that pursuant to said Rule 2-2, an appeal of this case should have been perfected within ninety (90) days from the date of judgment, unless if within said ninety (90) days an extension of time is granted by the Court. There is equally no question to the proposition that an appeal is deemed to be perfected when the assignment of errors and the transcript of the record have been filed in the office of the Clerk of the Appellate Court.

Rule 2-2 provides in part as follows:

> "In all appeals and reviews the assignment of errors and transcript of the record must be filed . . . within 90 days from the date of the judgment or the ruling on the motion for a new trial. . . . If within the time for filing . . . , it is made to appear to the Court . . ., it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the Court . . . may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors. . . ."

In the case at bar, it is apparent from the record that the appellant filed his petition for extension of time within which to file his assignment of errors and transcript of the record on September 6, 1960, this date being more than ninety (90) days from the rendering of the judgment of the trial court on April 14, 1960; that one hundred forty-five (145) days elapsed from the day following the rendering of said judgment to

the date when appellant filed his petition for extension of time to file his assignment of errors and transcript of the record; that one hundred fifty-one (151) days elapsed from the date of said judgment to September 12, 1960, the date on which this Court granted his requested extension to appellant.

It is well established that the time limitation on appeals, as provided in Rule 2-2, is jurisdictional; and an appeal take after the expiration of the period set forth in said Rule 2-2 will and must be dismissed.

> "A failure to file the transcript and assignment of errors within the time limited by law or rule, or as extended by order of court, fails to give the court jurisdiction of the appeal, and the appeal should be dismissed." *Taylor* v. *Meskimen* (1953), 234 Ind. 485, 128 N. E. 2d 872. See also: *Tourkow* v. *Hoover* (1952), 122 Ind. App. 676, 108 N. E. 2d 195, and *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102.

It is obvious that the appellant herein calculated the ninety (90) day period within which to perfect his appeal from June 13, 1960, the date the trial court overruled the appellant's motion to set aside judgment rather than from the date of the final judgment, April 14, 1960. However, the law in the State of Indiana is quite clear that the filing of a motion to set aside judgment does not toll the time limitation set forth in Rule 2-2, nor does it extend the time within which an appeal may be taken.

This Court has heretofore been presented with an almost identical fact situation as is presented by appellee's motion to dismiss. In *Herald* v. *Marion County Plan Commission* (1956), 127 Ind. App. 1, 135 N. E. 2d 526, the appellee therein filed a motion to dismiss the appeal on the ground that this Court was without juris-

diction in that the assignment of errors and the transcript of the record were not filed in the office of the Clerk of the Appellate Court within ninety (90) days from the date of the judgment of dismissal. This Court defined the issue presented by said motion to dismiss in this manner:

> "The sole question for determination in the appellee's petition to dismiss is, *was the date when final judgment was rendered November 7, 1955, when the court sustained appellee's motion to dismiss or was it December 13, 1955, when the trial court overruled appellant's motion to set aside the judgment?*" (Our emphasis.)

This Court decided as follows:

> ". . . We hold that the 90 days for filing the transcript and the assignment of errors began to run from the date of final judgment rendered by the trial court on November 7, 1955. As a result thereof, we are without jurisdiction."

Our Appellate Court had, prior to the decision in *Herald* v. *Marion County Plan Commission, supra,* previously considered the question presented by appellee's motion to dismiss. In *Bachelder et al.* v. *Parker et al.* (1947), 118 Ind. App. 66, 74 N. E. 2d 926, our Court was confronted with the following issue:

> ". . . Whether or not the appellants can prosecute this appeal which is predicated upon the alleged error of the trial court in refusing to set asside the original judgment of dismissal."

This Court held:

> ". . . That the motion to dismiss is well founded on the ground that the transcript was not filed within ninety days from the time of the original judgment, and this court, therefore, does not have jurisdiction to entertain this appeal."

On at least two occasions the Supreme Court of Indiana has spoken on this issue. The decisions of our Appellate Court and the Supreme Court of Indiana are similar.

The Supreme Court of Indiana in 1941 in its decision in *Zimmerman* v. *Zumpfe, supra,* ruled:

"Appellant's motion to vacate the order was not a motion for a new trial and the appeal is not saved on that ground. Motions to modify or in arrest of judgment do not serve to extend the time for appeal."

The Supreme Court, in a more recent decision, pronounced the rule in this manner:

"Motions to modify a judgment or in arrest of judgment or to reconsider the ruling *or a motion to vacate a judgment do not extend the time for perfecting an appeal.*" (Our emphasis.) *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796.

The following recent decisions of the Supreme Court of Indiana confirm the rule established in the authorities hereinabove cited, which sustain the contention of the appellee that this Court is without jurisdiction to hear this appeal. *Joyner etc.* v. *The Housing Authority, etc.* (1959), 130 Ind. App. 167, 162 N. E. 2d 685. *Meier* v. *Social Security Administration* (1957) 237 Ind. 421, 146 N. E. 2d 239.

By reason of an error as to the date of the final judgment contained in appellant's verified petition for extension of time within which to file his assignment of errors, this Court, on September 12, 1960, relying thereon granted the prayer of said petition for additional time. Such action by this Court under such circumstances can not be held to effect a change or alteration of the requirements of said Rule

2-2, and in determining the question now before us, the provisions of said rule are controlling.

The appellant having failed to perfect his appeal pursuant to Rule 2-2, this Court is without jurisdiction, therefore, to hear this appeal.

This appeal is now hereby dismissed at costs of appellant.

NOTE.—Reported in 170 N. E. 2d 826.