STATE EX REL. RANS, ET AL., ETC. *v.* ST. JOSEPH
SUPERIOR COURT, ETC.

[No. 30,624. Filed October 28, 1964. Rehearing Denied
December 14, 1964.]

*Louis L. Anderson* of *Anderson & Roberts,* of South
Bend, for relators.

Roland Obenchain, Jr., Douglas D. Seely, Jr., Jones, Obenchain, Johnson, Ford & Pankow, all of South Bend, for respondents.

ARTERBURN, J.—The relators ask for a writ of prohibition and mandate and request that the respondent court be required to expunge its record granting a motion for a new trial and granting a rehearing on its previous ruling denying the motion for a new trial. These motions and rulings arise in an action for personal injuries in which the relators, as plaintiffs, recovered a judgment for damages.

We previously issued an alternative writ of mandate to show cause and a temporary writ of prohibition against the respondent court.

The facts are that in the case of Vernon Rans, plaintiff v. Robert J. Krege, defendant, et al., a jury's verdict for damages was rendered for the plaintiff on June 27, 1963 in the May term of the respondent court. Judgment was rendered at the same term. A motion for a new trial was filed on July 10, 1963, still in the May term. This motion for a new trial was denied on April 2, 1964 in the February term. Up to that point there is no question about the regularity of the proceedings. However, on April 9, 1964 (in the February term) the defendant in the damage suit filed a "motion for rehearing" of the ruling denying a new trial. On May 22, 1964 the relator herein and plaintiff in the trial court, filed a motion to dismiss "the motion for rehearing" on the ground that the court had no power or authority to entertain such a motion and that the judgment was final upon the denial of the motion for a new trial in the previous term of court. The respondent court on May 29, 1964 in the May term, overruled the motion to dismiss the motion for a rehearing and granted the rehearing, and also granted a new trial,

setting aside its previous ruling made in the February term, which denied the motion for a new trial.

The question presented to us here is: May a trial court, after it has denied a motion for a new trial, reconsider or rehear the matter *at the next or a subsequent term,* and vacate and set aside its ruling made in the prior term? Does the mere filing of a motion "to reconsider" or a motion "to rehear" a ruling on a motion for a new trial continue the court's jurisdiction over such matter into subsequent terms of court until the court rules thereon?

We may reason in this case from the firmly established principle of the common law that a trial court retains full and complete control of its records in an action during the term at which it enters final judgment. Throughout the remainder of that term after the judgment is entered, the trial court may, upon its own motion or motion of party, correct, modify or vacate its judgment. The cause is said to be *in fieri* and in the breast of the court, and subject to the inherent judicial power of the court to alter or amend the judgment. 17 I. L. E., *Judgments,* §161, p. 269; *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745; *Jurdzy* v. *Liptak* (1962), 243 Ind. 1, 180 N. E. 2d 530.

> "On the other hand, it has generally been held that a case is no longer in fieri after the term has expired within which a judgment is rendered, and after term there is no longer any authority on the part of the court to set aside or change the judgment under the common law." *Jurdzy* v. *Liptak,* supra, at pp. 3, 4.

The judgment in this case was entered on June 27, 1963 in the May term. Normally, the jurisdiction of the court over that judgment, so far as modification, amendment, etc., ended in the May term in which it was rendered. However, the filing of a motion

for a new trial within the time provided by the statute automatically extends the court's jurisdiction until the court may rule upon the motion for a new trial. 22 I. L. E., *New Trial*, §124, p. 108.

The statute providing for a motion for a new trial implies such a condition from the tenor thereof. In one case it even provides that a motion for a new trial may be filed in a term subsequent to that in which the verdict or decision is rendered, if the term ends before the time limitation of thirty days has run. Burns' §2-2403 (1946 Repl.) This extension of jurisdiction in the case of filing of a motion for a new trial is an exception or modification of the common law rule that a court loses jurisdiction over its judgment after the expiration of the term at which it ruled. Is there any authority or ground for extending such exception to the general rule to cases of "reconsidering" or "rehearing" a ruling on the motion for a new trial into a term subsequent to that in which the ruling was made? As previously stated a court may, upon motion to reconsider or rehear, upon its own motion or the suggestion of a party, vacate, set aside, amend or modify a ruling entered in the same term of court, since such a matter is *in fieri*.

The relator, however, contends that a motion "to rehear" or "to reconsider" may not extend the jurisdiction of the court into a subsequent term until it rules thereon without any statutory authority changing the common law rule. It is urged that a motion to "rehear" or "reconsider" is not a proper pleading or motion if challenged or if objections are made thereto, if there is an attempt to assume jurisdiction and rule thereon in a term other than that in which the ruling attacked was made.

Motions "to rehear" or "reconsider" are, as the term implies, a request to be heard a second time on the

same issues. In fact, a motion for a new trial in ■ reality is a reconsideration and rehearing of the decision or verdict previously rendered. How many rehearings and reconsiderations of a ruling or judgment is a party entitled to have? After a motion for a new trial or a motion to reconsider or a motion to rehear is ruled upon, may a party then ask for another rehearing and reconsideration, and may such petitions for rehearing and reconsideration go on *ad infinitum*? A party against whom a ruling on a motion for a new trial has been made still has his remedy if he thinks error exists, by appeal or under the statute for a review thereof. *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745.

Rules of procedure and justice require that there must be an end to litigation at some point. We agree with relator that there is no statutory or common law authority for a petition for "rehearing" on a motion for a new trial.

In *Stampfer* v. *Peter Hand Brewing Co.* (1917), 67 Ind. App. 485, 492, 493, 118 N. E. 138, 139, it is said:

" . . . He was not seeking to set aside a default in order that he might have an opportunity to make his defense on the merits. That defense had been made. In reality he was seeking to reach the judgment only indirectly, remotely and contingently through the motion for a new trial. Directly and immediately he was seeking an opportunity to be heard on the motion for new trial. While the motion to vacate is somewhat ambiguous, from the general tenor of the averments therein and from appellant's brief, we must hold that it is merely a motion to vacate the ruling on the motion for new trial. Appellant sought to vacate that ruling in the hope that an argument. by his counsel would convince the court that a new trial should be granted. . . . Under these circumstances the application to the trial court to set aside its ruling on the motion for a new trial cannot be regarded as an independent proceeding. " . . . The motion to set aside the ruling on the

motion for a new trial is of the class known as collateral motions and did not extend the time in which to appeal from the original judgment."

We have held that a motion to set aside or modify a judgment, even though filed in term at which the judgment was rendered, does not thereby extend the time for taking an appeal from the judgment attacked. *Dawson et al.* v. *Wright, Mayor, etc. et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961; *Stampfer* v. *Peter Hand Brewing Co.* (1917), 67 Ind. App. 485, 118 N. E. 138.

In *McIntosh* v. *Monroe et al.* (1953), 232 Ind. 60, 111 N. E. 2d 658 we held that even where the parties consent to a subsequent term to set aside the ruling of the court made on a motion for a new trial and thus reinstate the judgment and again overrule the motion for new trial, the trial court was without jurisdiction.

Sustaining a motion to rehear or reconsider, thereby setting aside a ruling or motion for a new trial at a subsequent term, is in effect permitting the vacation or setting aside of a judgment entered at a previous term.

In *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745 we reviewed quite extensively the powers of the court to correct its judgment by nunc pro tunc entries, as distinguished from vacating and setting aside the judgments after the term in which such judgments were entered. We quoted with approval therein the following statement: (p. 151)

" 'In the absence of statutory authority, a court ordinarily has no power to correct, amend, open, or vacate a judgment after the expiration of the term.' "
49 C.J.S., *Judgments*, §230, p. 438.

It would necessarily follow that if the setting aside of a ruling on a motion for a new trial in a term subsequent to that in which made vacates or sets aside a judgment, the same principles would apply. Commenting upon the right of the court to vacate and set aside its judgments after final term, we stated in the *Clouser* case: (p. 154)

" . . . To permit such procedure without time limits would place no finality on judgments; never settle or end litigation, and leave judgments in such uncertainty that no one could rely upon them or proceed with any assurance they would not be changed at any time."

In that case it is further pointed out that the legislature of this state has seen fit to authorize by statute the bringing of new causes of action to set aside and vacate judgments under certain fixed limitations of time, notices and other conditions for the protection of the parties and the public involved. In our opinion, the remedy is ample under the statute for the correction of any such errors and should not be extended by indirection through the use of motions "to reconsider" or "rehear" rulings on motions for a new trial made in previous terms and thereby, through indirection, vacate or set aside a judgment.

In the *Clouser* case we referred to some confusion in a few prior cases, but we see no reason to extend that discussion into this case.

Insofar as the case of *Vesey* v. *Day* (1910), 175 Ind. 406, 94 N. E. 481 is not in harmony with the holding in this case, it is overruled.

The writs heretofore issued are made absolute and permanent.

Achor, C. J., and Myers and Landis, JJ., concur.
Jackson, J., concurs in result.

NOTE.—Reported in 201 N. E. 2d 778.