PHILIP F. APPLE, NANCY A. OAKES *v.* FLOYD L. APPLE; FLOYD L. APPLE AS EXECUTOR OF THE ESTATE OF MARY ROSE APPLE (SIMMONS), GREENFIELD BANKING COMPANY AS TRUSTEE OF THE TRUST CREATED BY THE LAST WILL AND TESTAMENT OF MARY EDNA ADDISON ET AL.

[No. 172A50.   Filed July 24, 1973.]

*Marvin E. Clanin,* of Anderson, *Thaddeus R. Spurgeon,* of Oaklandon, for appellants.

*William D. Hall,* of Indianapolis, attorney for appellees Floyd L. Apple, individually and as Executor.

## On Motion to Dismiss or Affirm

Per Curiam—This appeal comes to us from a decree construing the Will of Mary Edna Addison, deceased, who by the terms of said Will had left a life estate in trust to her granddaughter, Mary Rose Apple, nee Simmons, in a large acreage of real estate contingent upon her surviving the decedent and becoming 25 years of age.

Two years after Mary Rose became 25 years of age the transfer was made to her by the trustee as directed under the Will.

Suffice the above for necessary facts at present, as they will be gone into more fully and completely as they are shown to unravel.

The first order of business is the passing on the motion to dismiss or in the alternative to affirm the judgment of the trial court which has been filed by Floyd L. Apple, individually, and as executor of the estate of Mary Rose Apple, deceased.

On January 28, 1964, a judgment was rendered in the Hancock Circuit Court in litigation in which there had been a petition filed to construe the Will of Mary Edna Addison and in which, on May 24, 1963, a certain family agreement or partial settlement was entered into in settlement of said litigation. This agreement and document was filed in the Hancock County Recorder's Office on July 24, 1969.

After the settlement of the litigation and entry of the judgment as aforesaid appellants filed their petition for writ of error *coram nobis,* challenging said judgment and alleging a fraud had been perpetrated on the trial court, causing the trial court to enter said judgment.

The judgment denying the petition for writ of error *coram nobis* was entered of record by the trial court on January 4, 1972. It is from that judgment denying the petition for writ of error *coram nobis* that this appeal is being attempted.

There are four questions necessarily presented and which must be considered before the court can determine the validity of said judgment.

The questions are: (1) Did the Indiana Supreme Court Rule 2-40 as amended and effective September 11, 1963, preclude the trial court's jurisdiction to entertain any action for a writ of error *coram nobis* in both civil and criminal actions? (2) Did the fact the cause was heard by the trial court under the Supreme Court Rules that were repealed and held ineffective after the adoption of the present court rules were adopted and effective January 1, 1970, and the court ruled on the same after the effective date of the new rules void the right to the petition for writ of error *coram nobis?* (3) Had error *coram nobis* in civil actions been abolished prior to the commencement of this *coram nobis* action, thus rendering that action ineffective? (4) Was appellant required to timely file a motion to correct errors as a condition precedent to appealing the court's judgment denying the petition for writ of error *coram nobis?*

We shall group questions 1, 2, and 3 and treat them under one heading.

Plaintiffs did, on January 16, 1970, file their motion pursuant to Indiana Rules of Court effective January 1, 1970, Rule TR. 84, requesting that the proceedings in the case at bar which were not concluded would be concluded under the prior effective rules of our Supreme Court.

The trial judge ruled on that motion on March 30, 1970, showing his election to try this case under the old rules of procedure. Such being the case we are not now required to consider the rules adopted January 1, 1970, or any amendments thereto.

We must now consider the status of the parties under Supreme Court Rule 2-40 as amended and effective September 11, 1963.

First, there seems to be either a misunderstanding or lack of knowledge on the part of lawyers pertaining to *coram nobis.* Prior to the 1970 rules lawyers and judges generally were familiar with the *coram nobis* petitions in criminal cases but we now daresay that many lawyers and some judges were unfamiliar with the fact that *coram nobis* was a remedy equally effective in civil actions brought down from the old English law. It was so rarely used in the civil side and therefore knowledge of it and its use for the most part became obscure to practitioners. Writs of error *coram nobis* in Indiana are abolished by the 1972 supplement of Indiana Trial Rules, Rule TR. 60 (B) (8), which reads in part as follows:

". . . Writs of coram nobis, coram vobist, . . . are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Secondly, *coram nobis* in civil actions is no stranger to the textbook writers and case law prior to the abolishing of *coram nobis* by Supreme Court Rule.

6 I. L. E. 405, § 38, discusses the fact a motion for new trial was not contemplated after ruling in *coram nobis* proceedings. The author further set out that Rule 2-40 provides that the sufficiency of the pleadings and the evidence will be considered upon an assignment of error that the finding is contrary to law, but does not say that error may be presented in any other manner. In *State ex rel. Blanton* v. *Smith* (1949), 229 Ind. 1, 86 N.E.2d 84, our Supreme Court said that a motion for new trial is not contemplated in *coram nobis* proceedings. See, *Fluty* v. *State* (1947), 224 Ind. 652, 71 N.E.2d 565.

In the case of *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275, in a concurring opinion Judge Emmert said, in speaking of *coram nobis* in quoting from *State ex rel.*

*McManamon* v. *Blackford C. Ct.* (1951), 229 Ind. 3, 95 N.E.2d 556:

". . . 'A mistake in regard to the existence of a fact upon which jurisdiction to proceed depends and which defect does not appear on the face of the record is ground for a writ of error *coram nobis*. . . . The writ lies to obtain relief against a judgment taken without process or notice, or where there were defects in the process, or in the service of the process.' . . .

No motion for a new trial is contemplated in an action for writ of error *coram nobis*. [Cases cited omitted.] . . ."

In the case of *Stephenson* v. *State* (1933), 205 Ind. 141, 195, 197, 179 N.E. 633, 186 N.E. 293, the court Per Curiam, in discussing the petition for writ of error *coram nobis* had this to say:

"The effect of the decision of an appealed case upon the judgment below is the same in criminal and civil cases, and a decision by the Appellate Court has the same effect as a decision by this court. . . ."

\* \* \*

"Article 7, Section 4, of the Constitution provides that this court 'shall also have such original jurisdiction as the general assembly may confer.' No jurisdiction to entertain an original petition for a writ of error *coram nobis* has been conferred by statute, and there is none. The court in which the judgment was originally entered has no jurisdiction to entertain such a petition pending disposition of an appeal to this court, but it has jurisdiction to do so after remittitur."

Lowe's Revision of Works Indiana Practice, Vol. 2, Coram Nobis, § 42.22—Effect of writ:

"The writ of *coram nobis* is in the nature of a motion for a new trial, and, if granted has the same effect as the granting of a motion for a new trial."

"The writ of error *coram nobis* is based on error of fact, as distinguished from a 'writ of error,' which is based upon

error of law." Lowe's Revision of Works Indiana Practice, Vol. 2, Coram Nobis, § 42.21.[1]

As to query number 4, set out in this opinion, we hold that the appellant was not required to file a motion to correct errors as a condition precedent to appealing the judgment denying the petition for writ of error *coram nobis.*

We have held hereinabove that civil *coram nobis* was in full force and effect for the purpose of correcting errors of fact at the time the petition was filed in this cause and that the same remained effective after the adoption of the new rules by

---

1. Very informative discussions are made on *coram nobis*—civil and criminal—its origins, use and limitations of its use, in 49 C.J.S. 561, § 311, Annotation 33, citing a Missouri case of *Scott* v. *Rees,* 253 S.W. 998, 300 Mo. 123. Also, see p. 562, § 312, When Writ Lies, and especially subsection c. thereunder.

145 A.L.R. 818, on writ of *coram nobis* after affirmance, touches on the Indiana rule heretofore discussed in this opinion in *Stephenson* v. *State, supra.*

Indiana Law Journal, Vol. V, No. 9, p. 603, published in June, 1930, on *Coram Nobis Et Coram Vobis* is a very thorough discussion of the subjects. We know that this Law Journal will not be readily accessible to all attorneys who quench their thirst for more knowledge by eagerly looking forward to and reading the advance sheets, and although we cannot set it out in its entirety, we shall insert one or two of the pertinent parts thereof as follows, to-wit:

"Neither of these writs lies to correct an error of law. Relief from that must be sought by an appeal or writ of error. They only lie because of error of fact. The writ of *coram nobis* is only to correct the record of the trial itself in matters of fact existing at the time of the pronouncement of the judgment had in respect of which the court was unadvised, but of which, had it been advised, the judgment would not have been pronounced. The unvarying test of the writ of *coram nobis* is mistake or lack of knowledge of facts inhering in the judgment itself. The office of the writ 'is to bring to the attention of the court for correction, an error of fact—one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged.'

\* \* \*

The only ground for the writ of *coram nobis* is because of error of fact that had not been presented to the court before judgment was rendered. . . .

\* \* \*

The writ of *coram nobis* cannot be used to review the facts passed upon during the trial; in other words it cannot be used to take the place of a bill of review. . . ."

order of the trial court and now, therefore, are of the opinion that appellant was not required to file a motion to correct errors as a condition precedent to appealing the court's judgment.

The petition for writ of error *coram nobis* was itself a motion for new trial; the new rules did not apply; and had they applied the filing of a motion to correct errors would have been surplusage and the doing of an unnecessary thing. Equity does not require the doing of a useless thing. *Engelbrecht* v. *Property Developers, Inc.* (1973), 156 Ind. App. 354, 296 N.E.2d 798; *Hutcheson* v. *Hanson* (1951), 121 Ind. App. 546, 98 N.E.2d 688.

Motion to dismiss overruled.

NOTE.—Reported at 299 N.E.2d 239.