HARRY VIRGIL MOHNEY *v.* STATE OF INDIANA.

[No. 3-773A89.  Filed January 30, 1974.  Rehearing denied March 5, 1974.  Transfer denied June 10, 1974.]

*Abe Latker,* of Fort Wayne, *Gilbert H. Deitch,* of Atlanta, Georgia, for appellant.

*Robert A. Zaban,* Deputy Attorney General, for appellee.

### On Appellee's Motion to Dismiss

Hoffman, C.J.—This cause is pending before the Court on the appellee's Motion to Dismiss and the appellant's Recitation in Opposition thereto.

Appellee's motion alleges as cause therefor that this Court lacks jurisdiction of this case because the appellant did not perfect his appeal by filing the record of the proceedings within the time allowed by Rule AP. 3. We have examined the record and agree that this appeal was not timely filed.

The record of the proceedings herein reveals the following sequence of events:

| | |
|---|---|
| 4- 3-72: | Judgment entered. Defendant sentenced |
| 5-31-72: | Defendant filed Motion to Correct Errors |
| 6- 5-72: | Motion to Correct Errors denied |
| 6-14-72: | Praecipe filed |

The appeal should have been perfected by filing the record of the proceedings within ninety days after June 5, 1972. However, instead of pursuing the appeal, the defendant filed in the trial court a Motion to Reconsider Motion to Correct Errors. This motion raised no new matter, but merely complained that the court summarily denied defendant's Motion to Correct Errors without allowing counsel the opportunity of bringing to the court legal points and authorities in support of the defendant's Motion to Correct Errors.[1] The record shows the following:

| | |
|---|---|
| 6–16–72: | Comes now the defendant, Harry V. Mohney, by counsel, Abe Latker, and files Motion to Reconsider Motion to Correct Errors. |
| 1–15–73: | This matter having been continued for the filing of briefs, and no briefs having been filed by the |

---

1. We note that 58 days elapsed between the judgment and the filing of the Motion to Correct Errors.

State of Indiana or by the defendant, the Court now overrules the defendant's Motion to Correct Errors, and February 1, 1973, is the date now set by the Court for the defendant to surrender himself to commence serving his sentence.

1-31-73:  On the Court's own Motion, the Court now sets aside and vacates the entry, heretofore entered herein, on January 15, 1973.

4- 3-73:  The Court, on Motion of the State, sets defendant's Motion to Reconsider Motion to Correct Errors for additional argument on April 23, 1973 at 10:30 o'clock A.M.

4-23-73:  Comes now the State of Indiana, by Arnold H. Duemling, Prosecuting Attorney, and comes now the defendant, Harry Virgil Mohney, by counsel, Abe Latker, and additional arguments on defendant's Motion to Correct Errors, are now heard by the Court, and the Court being duly advised in the premises, now overrules said Motion to Correct Errors.

4-30-73:  Comes now the defendant, Harry V. Mohney, by counsel, Abe Latker, and files praecipe for a complete transcript of the entire record of this cause to be used on appeal to the Indiana Court of Appeals.

7-23-73:  The record of the proceedings was filed with the Clerk of the Court of Appeals.

Rule CR. 19 states, in part, that the record of the proceedings must be filed with the Clerk of the Supreme and Appellate Courts within ninety (90) days from the ruling on the Motion to Correct Errors. Rule AP. 3(B) states, in part, that the record of the proceedings must be filed with the Clerk of the Supreme and Appellate Courts within ninety (90) days from the date of judgment or the ruling on the Motion to Correct Errors, whichever is later. We interpret the ninety-day provision in these rules to mean ninety days after the trial court's *original* ruling on the Motion to Correct Errors, and not to mean ninety days after any attempted subsequent rulings on Motions to Correct

Errors following Motions to Reconsider or Motions to Vacate an original ruling on the Motion to Correct Errors.

We find support for this conclusion in the Civil Code Study Commission Comments, contained in Vol. 4, *Indiana Practice,* Harvey & Townsend, page 118, in which it is stated: "Once a ruling is made upon a motion to correct error it may not be reconsidered by the trial court." The Commission cited in support of that statement the case of *McIntosh* v. *Monroe* (1953), 232 Ind. 60, 111 N.E.2d 658, and paraphrased the pertinent holding thereof as, "agreement of the parties to action of the Court did not extend time for appeal." Of course, the *McIntosh* case concerned the former Motion for New Trial rather than the present Motion to Correct Errors, but the reason for the holding would be the same, and is eloquently set out in *State, ex rel. Rans, et al., etc.* v. *St. Joseph Superior Court, Etc.* (1964), 246 Ind. 74, 201 N.E.2d 778. In *Rans* the relators asked for a writ of prohibition and mandate and requested that the respondent court be required to expunge its record granting a motion for new trial and granting a rehearing on its previous ruling denying the motion for new trial. The Supreme Court issued the requested writs, and made them permanent and absolute. Justice Arterburn speaking for the Court, stated:

"Motions 'to rehear' or 'reconsider' are, as the term implies, a request to be heard a second time on the same issues. In fact, a motion for a new trial in reality is a reconsideration and rehearing of the decision or verdict previously rendered. How many rehearings and reconsiderations of a ruling or judgment is a party entitled to have? After a motion for a new trial or a motion to reconsider or a motion to rehear is ruled upon, may a party then ask for another rehearing and reconsideration, and may such petitions for rehearing and reconsideration go on *ad infinitum?* A party against whom a ruling on a motion for a new trial has been made still has his remedy if he thinks error exists, by appeal or under the statute for a review thereof. *Clouser et al.* v. *Mock et al.* (1959), 239 Ind. 143, 155 N.E. 2d 745.

*"Rules of procedure and justice require that there must be an end to litigation at some point. We agree with relator that there is no statutory or common law authority for a petition for 'rehearing' on a motion for a new trial."* (Our emphasis.)

It has long been held that the time for appeal is not extended by motions to modify judgment, motions to vacate or set aside judgment, motions to re-open judgment, or motions to reconsider. *Strate* v. *Strate* (1971), 149 Ind. App. 32, 269 N.E.2d 568; *Sacks* v. *Winkler* (1967), 141 Ind. App. 13, 226 N.E.2d 172, 227 N.E.2d 177; *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N.E.2d 796; *Andrews* v. *City of Richmond* (1960), 131 Ind. App. 382, 170 N.E.2d 826; *Herald* v. *Marion County Plan Commission* (1956), 127 Ind. App. 1, 135 N.E.2d 526; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N.E.2d 102. Trial Rule 53.3 concerning repetitive motions and motions to reconsider reads as follows:

"(A) Repetitive motions and motions to reconsider ruling on a motion. No hearing shall be required upon a repetitive motion or upon motions to reconsider orders or rulings upon a motion. *Such a motion by any party* or the court or *such action to reconsider* by the court *shall not delay* the trial or *any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules.* (Our emphasis.)

"(B) Effect of court's delay in ruling upon repetitive motion or motion to reconsider ruling on a motion. Unless such a motion is ruled upon within five (5) days it shall be deemed denied, and entry of service of notice of such denial shall not be required. This rule 53.3 does not apply to an original motion for judgment on the evidence under Rule 50 after the jury is discharged, to amend or make additional findings of fact under Rule 52(B), an original motion to correct errors under Rule 59, or for correction of relief from judgments under Rule 60 or to the original motions to the extent expressly permitted or expressly designated as extending time under these rules."

It is easily seen from the emphasized portion of paragraph A of the rule, that the Supreme Court intended to carry forward

the prior case law that the time for taking an appeal is not extended by various repetitive motions and motions to reconsider.

Paragraph B of said rule provides that unless the motion is ruled upon within five days it shall be deemed to be denied. In the instant case the Motion to Reconsider was filed on June 16, 1972. We have searched the record and find no entry showing it was either granted or denied. Therefore, by operation of the rule, it is to be deemed to have been denied on June 22, 1972, which still would have allowed appellant to perfect his appeal within ninety days after June 5, 1972, the date on which the Motion to Correct Errors was denied.

The appellant contends that Rule 53 expressly excepts original Motions to Correct Errors *and necessarily excepts the Motion to Reconsider Appellant's Motion to Correct Errors.* (Our emphasis.) Appellant cites no authority for the emphasized portion of his argument and we can find none. Neither do we agree with that portion of his argument. Of course, TR. 53.3(B) provides that for the purposes of the rule, the original Motion to Correct Errors itself is not to be considered as a repetitive motion or as a motion to reconsider. But certainly a motion to reconsider a previous ruling denying the original motion to correct errors falls squarely within the intendment of the rule.

The appellant alternately contends that his Motion to Reconsider fell within subdivisions (6) and/or (8) of TR. 60(B),[2] that he is before this Court under Rule TR. 60 and his appeal has been timely perfected from the court's ruling.

---

2. Rule TR. 60(B)(6) and (8) read as follows:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

\* \* \*

(6) the judgment is void;

(8) any other reason justifying relief from the operation of the judgment."

This argument of the appellant fails for several reasons. First, it must be remembered that appellant's motion to reconsider did not make any allegations which would have entitled him to any relief under any sections of Rule TR. 60. It did not allege any clerical mistake; it did not allege any facts to support a claim of mistake, excusable neglect or newly discovered evidence; it did not allege fraud; it did not allege judgment by default; it did not allege that the appellant was represented by a guardian; it did not allege the judgment was void; it did not allege the judgment has been satisfied or released; and it did not allege any facts to support a reason justifying relief from operation of the judgment. It merely complained that the trial court denied appellant's Motion to Correct Errors before he had a chance to bring to the court legal points and authorities. As previously observed, fifty-eight days elapsed between the time the motion to correct errors was filed and the time when it was denied, which would appear to have been ample time to have filed a brief, in the absence of a showing of some extenuating circumstance.

Even if we were to agree that appellant's motion to reconsider properly stated a claim for relief under Rule TR. 60 (B) (6) and/or (8), that very rule provides:

". . . A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

If the finality of a judgment is not affected or its operation is not suspended, then the time within which to appeal that judgment is not tolled or extended by the filing of such a motion.

Finally, if appellant's motion to reconsider were to be considered as a motion under Rule TR. 60 (B), subsection (C) of Rule TR. 60 provides that a ruling or order of the court denying or granting relief in whole or in part, . . . under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment. This Court has pre-

viously construed that rule together with Rule TR. 59(G) to require a motion to correct errors to be filed as the first step in an appeal from a judgment granting or denying relief under Rule TR. 60(B). *Northside Cab Company, Inc.* v. *Penman* (1972), 155 Ind. App. 23, 290 N.E.2d 782. The appellant did not file a motion to correct errors directed to the trial court's entry of April 23, 1973. Therefore, any attempt by appellant to construe that entry as a TR. 60(B) judgment and the subject of this appeal must fail.

The record of the proceedings in this cause was not timely filed within ninety days after June 5, 1972. No extension of time within which to file the record was granted. Therefore, this Court does not have jurisdiction of this appeal and the same must be dismissed.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

Robertson, P.J., concurs; Staton, J., dissents with opinion.

### DISSENTING OPINION

STATON, J.—I dissent from the majority opinion for these reasons:

REASON ONE: SUBSTANCE NOT FORM SHOULD BE DETERMINATIVE.

Determining the nature of a motion should depend upon two standards: (1) the actual content of the motion and (2) where an argument or hearing is held, the manner in which the trial court treats the motion when applying the law. The second standard is vitally important since a hearing on the motion supplements its contents and may be the entire basis for an understanding between the litigants and the trial court. The motion filed by Mohney was labelled a "motion to reconsider." Labelling a motion is a hazardous accommodation. There is no *modus operandi* for instituting relief under Rule TR. 60(B) of the Indiana Rules of Procedure.

Justice Hunter, writing for the majority of our Supreme Court in *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745, 750, wrote:

> "Appellee correctly contends that *nunc pro tunc* is not the correct form of entry to be made in a case such as this. We agree that the *form* of the trial court's relief was improper. However, the *substance* of its action was equitably just, and we are concerned here with whether the trial court was *substantially* correct in its ruling and not whether the chosen *form* of relief satisfies the label attached to it. We are holding that on the facts of this case, the trial court was justified in changing the date upon which the motion to correct errors was overruled. We interpret the literal effect of the trial court's order to be a vacation of the judgment previously entered with a re-entry of judgment upon a subsequent date. This was all done pursuant to Trial Rule 60 (B). Since TR. 60 provides no *modus operandi* for instituting such relief, we find that the procedural methods employed by the trial court in the case at bar were a correct application of TR. 60 (B), notwithstanding the title or form."

Mohney had a hearing on his "motion to reconsider" on August 14, 1972. My examination of the record clearly indicates to me that the trial court intended to treat Mohney's motion as a Rule TR. 60 (B) (8) motion since the trial court was aware of an impending appeal of the judgment and that time should be tolled. At pages 350, 351 and 352 of the Transcript, the following appears:

> "MR. DEITCH: Does the State have objection to the Court taking this under advisement—the Motion to Correct Errors—pending the *Stroud* vs. *Indiana* Case in the U.S. Supreme Court?

> "THE COURT: Well, I've thought about that some since we talked about it, and I've decided that the United States Supreme Court has too many alternatives, routes, to pursue and we very well could get ourselves into a situation where it's next Spring before we know what they're going to do in *Stroud* vs. *Indiana,* and then maybe I'm indulging too much in what we call in the Marine Corps the CYA Syndrome, and I ought to just go ahead and rule in a timely fashion—

"MR. DEITCH: In other—

"THE COURT: — and if it results in them dragging you, screaming, down to Indianapolis, it will result in that, I guess.

"MR. DEITCH: Just trying to be economical for both sides of this lawsuit—the State, the taxpayers and everyone else.

"THE COURT: I understand that, but Mr. Duemling and I would both, I'm sure, hasten to point out that you're the only one in this law suit who's got a meter running. He and I get paid the same thing every day.

"MR. LATKER: What did the Court do with the motion—

"THE COURT: And speeding it on its way to Indianapolis is one way to, you know, move the process of my Court along.

"MR. DEITCH: That's right, Your Honor, and there will be another docket issued to this case if the Court overru— denies the motion, and we will have a case docketed in the Court of Appeals of Indiana and the judicial process is no way expedited by that.

"THE COURT: Well, it's either that, or try it again here, and you don't particularly want to have to undergo—

"MR. DEITCH: No, Your Honor, I—can't the Court dismiss the case?

"THE COURT: I suppose I could. I don't really want to—

"MR. DEITCH: That would be most expeditious.

"MR. LATKER: I was concerned with the time element on the appeal, to know whether the Court has—

"THE COURT: Whatever I do, you'll be instantly informed of, Mr. Latker. Well, maybe not instantly, but by mail the next day.

"MR. LATKER: Well the—for instance, the Motion to Reconsider. If that were allowed we could take—take away the, ah, the—

"THE COURT: The tolling of the time. Yes, I'll do that, soon.

"MR. DEITCH: So, as I understand it, the Court is taking —is reconsidering the Motion to Correct Errors, and is taking—

"THE COURT: Granted that and set aside my ruling on Motion to Errors, (sic) and I've listened—

"MR. DEITCH: —and taken under advisement—

"THE COURT: —impatiently to your argument.

"MR. DEITCH: —and taken under advisement the Motion to Correct Errors argued today."

After examining the entire record, which is applicable to Mohney's motion, it is clear that the trial court treated Mohney's "motion to reconsider" as a TR. 60(B) motion and then took the previously filed "motion to correct errors" under advisement. This understanding between the trial court and the litigants is reinforced by the Court's own action on January 15, 1973 when it denied Mohney's "motion to correct errors" a second time and on January 31, 1973 when the trial court vacated its previous action on January 15, 1973. Thereafter, on April 23, 1973, the trial court again heard oral arguments and denied Mohney's "motion to correct errors" for the third time. These actions by the trial court cannot be viewed as useless and meaningless acts. *Apple* v. *Apple* (1973), 157 Ind. App. 68, 299 N.E.2d 239; *Edwards* v. *Countess of Warwick* (1723), 2 Will. Rep. 172, 22 Eng. Rep. 36.

Unlike *Soft Water Utilities, Inc.* v. *LeFevre, supra,* the trial court did not deny Mohney's motion to praecipe the record for an appeal after its April 23, 1973 ruling. This inaction on the part of the trial court strongly infers that the praecipe was correctly filed within the context of what had preceded and was consistent with all of the previous action taken by the trial court.

All of the action taken by the trial court upon Mohney's "motion to reconsider" was addressed to the trial court's equitable discretion. It is quite clear from the hearing held on August 14, 1972 that the trial court chose to treat the motion as a TR. 60(B)(8) motion. Mohney was led to believe by the trial court that the time was tolled for the appeal so that an adverse ruling by the court could be appealed. The trial court vacated its judgment and made a re-entry upon a

subsequent date. This was within the equitable discretion of the trial court under Rule TR. 60(B). Unless there is a clear showing of an abuse of discretion by the trial court in taking these actions upon Mohney's "motion to reconsider," the State's "motion to dismiss" the appeal must be denied. *Soft Water Utilities, Inc.* v. *LeFevre, supra.*

REASON TWO: TO DISREGARD THE BASIC JUSTICE THAT THE TRIAL COURT FELT NECESSARY IS TO MAKE THE TRIAL COURT AN UNWITTING PARTY TO THE FORFEITURE OF AN APPEAL.

This I refuse to do because it requires the acceptance of two basic premises: (1) that all the actions taken by the trial court from June 5, 1972 through April 23, 1973 were futile, meaningless acts; (2) the trial court with its vast powers over the litigation before it can commit acts which would tend to mislead a litigant and thereby cause the forfeiture of the litigant's appeal. Article 7, Section 6, Constitution of Indiana. This does not serve the administration of justice.

The actions of any court must be for a singular purpose: to serve the administration of justice. The administration of justice can easily become subservient to rigid, technical rules of procedure. Our minds have been trained to function in this manner, and to a large degree, this is equally important for the orderly, expeditious administration of justice. A delicate balance exists. A court should invoke its inherent powers in the instant case where a clear imbalance is shown to exist.

In *Soft Water Utilities, Inc.* v. *LeFevre, supra,* the clerk ". . . gave false information to Soft Water." Our Supreme Court reacted by stating that "We hold that this is a 'reason justifying relief from the operation of the judgment.'" A much stronger case is made where the misinformation or the questionable participation of a trial court is involved in the

forfeiture of an appeal. The actions taken by the trial court should be clear, decisive and final. Taken as a whole, the trial court's actions should be beyond reproach where they may affect the litigant's right to an appeal. Justice Hunter's remarks in *Soft Water Utilities, Inc.* v. *LeFevre, supra,* 301 N.E.2d at 750 are most appropriate:

> "We have reached the conclusion that the trial court has equitable discretion to grant relief pursuant to Trial Rule 60(B), under circumstances where it is satisfied that the administration of justice will be served by its action Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. But we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice. Similarly, if trial courts and courts of appeal were to rigidly apply Appellate Rule 2(A) in all cases, the provisions of Trial Rule 60(B) would be rendered meaningless. Such is not the desired effect of our flexible rules of procedure."

I would deny the State's "motion to dismiss" the appeal.

NOTE.—Reported at 306 N.E.2d 387.