ATTORNEYS FOR APPELLANT
Kenneth J. Allen
Bryan L. Bradley
Michael T. Terwilliger
Kenneth J. Allen & Associates, P.C.
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
F. Joseph Jaskowiak
Kevin G. Kerr
Hoeppner Wagner & Evans LLP
Valparaiso, Indiana

# In the
# Indiana Supreme Court

No. 56S03-0511-CV-587

IN RE ESTATE OF GARY HAMMAR, DECEASED

MARGARET LEWIS,                                          *Appellant (Defendant below),*

v.

JANET KAYE HAMMAR,                                       *Appellee (Plaintiff below).*

Appeal from the Newton Superior Court, No. 56D01-0504-ES-04
The Honorable Daniel J. Molter, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 56A03-0504-CV-177

**May 23, 2006**

**Dickson, Justice.**

The issue presented in this probate case is whether the trial court properly replaced Margaret Lewis, the decedent's former wife, with Janet Hammar, his widow, as the special administrator on behalf of the estate in a wrongful death action. In her appeal, Margaret, who is also the mother to the decedent's four children (two seventeen-year-old minors and two adults) argues that the trial court erred by removing her as special administrator for reasons other than those enumerated in the Indiana Code. The Court of Appeals agreed, finding that the statutory requirements for removing a special administrator were not met, and it reversed the trial court. In re Estate of Hammar, 832 N.E.2d 1065, 1071 (Ind. Ct. App. 2005). We granted Janet's petition

for transfer, automatically vacating the Court of Appeals opinion, and we now affirm the trial court.

On Thursday, April 7, 2005, the decedent, Gary Hammar, was killed in a vehicular accident, in which Janet Hammar, his wife of eleven years, was also injured, resulting in her hospitalization. Upon her release from the hospital, Janet made arrangements for her deceased husband's visitation to take place on Tuesday, April 12, and the funeral on Wednesday, April 13. On Monday, April 11, she met with the family attorney to arrange the opening of a general administration of the decedent's estate. That same day, April 11, the former wife, Margaret, sought and obtained permission to serve as special administrator for a wrongful death action on behalf of the decedent. The next day, April 12, when Janet's attorney filed to have Janet appointed as the general administrator of the estate, he discovered that the court had already appointed Margaret as special administrator. Janet's counsel immediately filed an objection with the court, and requested that the court stay the proceedings. That same day the court enjoined all parties from any action related to the wrongful death claim and scheduled a hearing to address Janet's objection. At the hearing, after the parties declined the court's invitation that they serve as co-representatives for the wrongful death claim, the court removed Margaret as the special administrator and appointed Janet in her place, making the following findings of fact:

> 1. Margaret Lewis filed her Petition with the Court four (4) days after the decedent's death and did not afford the decedent's widow an opportunity to respond.
> 2. The Court finds it erred when it appointed Margaret Lewis as Personal Representative of the Estate in that Janet Kaye Hammar as widow of the decedent is closer in proximity to the decedent and the Estate.
> 3. That [it] is in the best interest of the Estate that Janet Kaye Hammar serve as Personal Representative of the Estate.

Appellant's App'x at 5.

Margaret challenges the trial court order replacing her as special administrator in favor of Janet, arguing it was error for the court to order her removal without a supporting reason provided under the removal statute, Indiana Code § 29-1-10-6. Margaret asserts that she was appropriately appointed as the special administrator for the purpose of filing a wrongful death suit on behalf of her ex-husband's estate, having petitioned the court for the appointment at a time when

2

nobody else had authority to act in the same capacity. Margaret contends that once she was appointed she could only be removed upon grounds enumerated under the removal statute and that the trial court's failure to make the necessary statutory findings, together with her removal and replacement with Janet, constitutes reversible error.

Under the particular circumstances presented, however, we view the trial court's action as a mere reconsideration of its prior ruling, not a removal of a special administrator under the removal statute. On April 12, 2005, one day after the trial court signed the order making Margaret the administrator, Janet filed an objection to the appointment of Margaret and requested the court provide a hearing on the matter. Appellant's App'x at 13. After considering Janet's equitable argument based on the trial court's discretion to review and Margaret's argument that removal is inappropriate unless done under the removal statute, the trial court decided to appoint Janet as special administrator, determining, "The Court . . . always has the right to review its order." Transcript of Hearing at 15.

A trial court's control and discretion to change its own rulings is firmly established in common law, and we will review a trial court's reconsideration of its prior rulings for abuse of discretion. Pond v. Pond, 700 N.E.2d 1130, 1135 (Ind. 1998) ("A trial court may reconsider an order or ruling if the action remains *in fieri,* or pending resolution."); State ex rel. Rans v. St. Joseph Superior Court, 246 Ind. 74, 78, 201 N.E.2d 778, 779-80 (1964) ("[A] court may, upon motion to reconsider or rehear, upon its own motion or the suggestion of a party, vacate, set aside, amend or modify a ruling entered in the same term of court, since such a matter is *in fieri*.").[1] While the trial court was not obligated to provide Janet with a hearing on the matter, *see* Ind. Trial Rule 53.4(A), the court certainly had discretion to do so if it deemed it appropriate. Given that the trial court's original order was obtained ex parte without notice to the decedent's widow, who had just been released from the hospital and was in the process of making funeral arrangements for her husband, it was not improper for the judge to schedule a hearing and to enjoin Margaret from acting as special administrator one day after her appointment and, after the hearing three days later, to revise his appointment from Margaret to Janet as special administrator.

---

[1] Because the request before the trial court did not pertain to a final judgment or appealable final order, Indiana Trial Rule 59, applicable to a motion to correct error, was inappropriate for this case and thus we need not consider any additional procedural requirements under Trial Rule 59. *See* Ind. Trial Rule 59(C).

3

The trial court did not abuse its discretion in reconsidering its prior decision, and we affirm the trial court's order replacing Margaret with Janet as special administrator for the wrongful death action.

Boehm, and Rucker, JJ., concur. Sullivan, Justice, concurring, agrees with Chief Justice Shepard that Margaret and her lawyer should be required to reimburse the widow's attorney fees on appeal. Shepard, C.J., concurs with separate opinion.

**SHEPARD, Chief Justice, concurring.**

I join completely in my brother Dickson's opinion, though he has been very gentle in describing the actions taken by Margaret's lawyer.

Put simply, Margaret's lawyer seized control of Gary Hammar's estate for purposes of filing a contingent fee wrongful death case at a moment when the body had barely turned cold. He contended – and continues to claim - that "no one else was in a position to act." It seems by this counsel means the widow was engaged in organizing the funeral.

The widow and her lawyers have now spent more than a year in regaining what the law places in her hands. I believe we should order that Margaret and her lawyer reimburse the widow's attorney fees on appeal.