

# IN THE

# Indiana Supreme Court



**FILED**

Jun 03 2019, 1:18 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

Supreme Court Case No. 18S-EU-507

## In the Matter of the Unsupervised Estate of Orlando C. Lewis, Jr.,

### Orlando Lewis, Sr.,
*Appellant,*

–v–

### Shana Toliver and Kathy Calloway,
*Appellees.*

---

Argued: November 20, 2018 | Decided: June 3, 2019

Appeal from the Johnson Superior Court, No. 41D01-1707-EU-179
The Honorable Kevin M. Barton, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 41A01-1712-EU-2893

---

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices David, Massa, and Goff concur.

**Slaughter, Justice.**

In *Estate of Hammar*, 847 N.E.2d 960 (Ind. 2006), we held that a trial court may reconsider its appointment of a special administrator for a decedent's estate without implicating the statutory requirements for formally removing an administrator. Applying *Hammar*, we affirm the trial court's exercise of discretion here to reconsider its initial appointment of the decedent's father as special administrator. Though not required by statute or trial rule, courts should nevertheless give notice and hold a hearing before appointing a special administrator or rescinding such an appointment.

# Factual and Procedural History

On July 22, 2017, Orlando Lewis, Jr., died in a car crash in Monroe County, along with his wife, Shante Lewis, and Shante's mother, after a bus ran into the back of their stopped vehicle. Of the vehicle's four passengers, the only survivor was the Lewises' two-year-old daughter, K.L. In addition to K.L., Lewis, Jr., was survived by his six-year-old son, J.T., whose mother is Shana Toliver; and both his parents, including his father, Orlando Lewis, Sr.

After K.L. was treated for her injuries at Riley Children's Hospital in Indianapolis, she was released to her aunt, Kathy Calloway. Before the accident, Calloway was in regular contact with K.L.'s parents and provided significant financial support to the family. Afterward, on August 14, Calloway was appointed as K.L.'s temporary guardian. K.L. has remained with Calloway ever since.

Three days after the accident, on July 25, Orlando Senior, who lives in Illinois, sought appointment in the Johnson Superior Court as special administrator to Junior's estate so he could pursue damages for the wrongful death of his late son. Johnson County is where Junior and Shante lived when they died. That court granted Senior's petition the next day and issued letters of administration to Senior on August 1. Letters of administration authorize a personal representative, here a special administrator with limited powers and duties, to manage the interests of a

decedent. See Ind. Code ch. 29-1-10. Senior then filed a wrongful-death action for Junior's estate in the Monroe Circuit Court. Senior's appointment as special administrator to file a wrongful-death action meant he controlled this potentially lucrative claim. And it positioned him to receive possible remuneration both for himself and for the lawyers he would retain.

On July 26, Shana Toliver, J.T.'s mother, filed her own petition for appointment as special administrator for Junior's estate in the Marion Superior Court. Toliver supports J.T., who is medically disabled. The Marion County court appointed Toliver as the special administrator on July 27 and issued letters of administration. She then filed a wrongful-death action for Junior's estate in Marion County.

On August 28, Toliver sought to intervene in the Johnson County proceedings and to remove Senior as special administrator of Junior's estate. On August 30, Calloway also petitioned to intervene in Johnson County, and on September 6 she asked the trial court either to reconsider its appointment of Senior as special administrator or to remove him. Both Toliver and Calloway argued they should be appointed special administrators because they are the legal and court-appointed guardians of Junior's two dependent children, J.T. and K.L., respectively. In contrast, before Junior's death, Senior had met J.T. once and seen K.L. four or five times.

On December 4, the Johnson County court ordered, in relevant part, that: (1) venue was proper in Johnson County; (2) K.L. and J.T. are beneficiaries of a wrongful-death action filed on Junior's behalf; (3) it would reconsider and rescind its prior appointment of Senior as special administrator and vacate his letters of administration; and (4) it would appoint Toliver and Calloway as co-special administrators for Junior's estate for the limited purpose of pursuing the wrongful-death claim.

The court of appeals affirmed in a precedential opinion. *In re Unsupervised Estate of Orlando C. Lewis, Jr.*, 106 N.E.3d 1057 (Ind. Ct. App. 2018). It held that the trial court's decision to replace Senior was not a removal of a special administrator subject to the removal statute, Ind. Code § 29-1-10-6, but merely a reconsideration of its earlier decision. *Id.* at

1066. It also held that the trial court could reconsider its prior decisions as part of its "inherent power", and that the trial court did not abuse its discretion in doing so here. *Id.* Senior then sought transfer, which we granted, thus vacating the appellate decision.

# Standard of Review

A trial court may reconsider its prior rulings while the underlying matter is still pending. We review such reconsiderations for an abuse of discretion. *Hammar*, 847 N.E.2d at 962.

# Discussion and Decision

A special administrator appointed to bring a wrongful-death lawsuit acts as trustee for the suit's statutory beneficiaries—here, Junior's minor children, J.T. and K.L. The issue here is not whether the trial court was entitled to appoint Senior as a special administrator under Indiana Code section 29-1-10-15. Everyone agrees it was. The issue, instead, is whether the court was entitled to rescind its appointment of Senior without triggering the removal provision in the same chapter, I.C. § 29-1-10-6. Senior claims he was duly appointed under Section 15, and that the trial court abused its discretion when it removed him without complying with Section 6.

On the merits, we hold, first, that the trial court could reconsider its appointment of Senior because the matter was still pending; second, that the court did not abuse its discretion in rescinding Senior's appointment; and, third, that a court should give notice and hold a hearing before appointing a special administrator or reconsidering such an appointment, even if the governing statute and trial rule do not require these things.

### A. The trial court could reconsider its prior appointment of Senior because the underlying matter was still pending.

In rescinding Senior's appointment, the trial court did not invoke the removal statute but relied, instead, on its inherent power to reconsider a

prior ruling. As we held in *Pond v. Pond*, 700 N.E.2d 1130 (Ind. 1998), "A trial court may reconsider an order or ruling if the action remains *in fieri*, or pending resolution." *Id*. at 1135. An action is *in fieri*—*i.e.*, still pending—until the court enters judgment. *Id*. In *Hammar*, we observed that a court's authority to reconsider a prior ruling "is firmly established in common law". 847 N.E.2d at 962. And we extended this general rule to affirm a court's reconsideration of its prior appointment of a special administrator. *Id*. Senior acknowledges *Hammar*, but contends its holding does not govern here. We disagree.

In *Hammar*, just four days after the decedent died in a car accident, his ex-wife sought appointment as special administrator to pursue a wrongful-death action—beating decedent's widow to the courthouse by one day. *Id.* at 961. The widow, also injured in the accident, sought to be appointed special administrator the next day—only to learn the ex-wife had already been appointed *ex parte* and without notice to the widow. *Id*. Two days later, the trial court reconsidered its decision and replaced the ex-wife as special administrator. *Id.* at 963. On appeal, we affirmed the trial court. Finding the action in *Hammar* was still pending, we held the court's order replacing one special administrator with another was a "mere reconsideration of its prior ruling", *id.* at 962, not a removal of a special administrator subject to the removal statute. *Id*. Thus, we held, the trial court was well within its discretion to reconsider the appointment. *Id.* at 963.

The same equitable considerations vis-a-vis the race to the courthouse present in *Hammar* are also present here. Only four days after Junior's death, Senior was appointed *ex parte* and without notice to either Toliver or Calloway. Senior beat Toliver's petition by one day. And Calloway's followed about a month later. By December 4—only months after Junior's July 22 death—the trial court reconsidered its previous order naming Senior special administrator and replaced him with Toliver and Calloway—just as the trial court in *Hammar* had chosen what it found was a more suitable successor. The minimal time differences at issue here and in *Hammar* are immaterial. As in *Hammar*, the Johnson County matter was still pending when the petitions were filed seeking reconsideration of Senior's appointment.

## B. The trial court did not abuse its discretion in reconsidering its appointment of Senior.

As we held in *Hammar*, a trial court has power to rescind its appointment of a special administrator. And we hold on this record that the court's exercise of that power to rescind its appointment of Senior was not an abuse of discretion. Under *Hammar*, a petition to reconsider appointment of a special administrator does not render the removal statute meaningless. Such petition merely provides the trial court with an equitable basis for revisiting what here was an *ex parte*, without-notice initial appointment of Senior as special administrator. That is particularly true when the special administrator is responsible for pursuing what is potentially a multimillion-dollar claim.

In *Hammar*, the trial court noted that the widow stood in closer proximity to the estate than the ex-wife. *Id.* at 962. Here, it is Toliver and Calloway who are guardians of the decedent's dependent children, the beneficiaries of any wrongful-death action. Toliver and Calloway also have had long-term, ongoing relationships with J.T. and K.L. In contrast, Senior appears never to have met J.T. before Junior's death, and had met K.L. only a handful of times. The trial court found that Senior: lives in Illinois; had infrequent contact with Junior and the grandchildren before the accident; and met with counsel and petitioned for appointment as special administrator only days after Junior died and nearly a week before his funeral.

Toliver is J.T.'s mother and legal guardian. Calloway is K.L.'s great aunt—Shante's sister. Before Junior and Shante died, Calloway cosigned a lease so they had a place to live, bought them a vehicle, and helped them with food and utilities. And since their deaths, Calloway has served as K.L.'s court-appointed guardian. In contrast, the court found that others' post-accident efforts to develop a relationship with K.L. appeared "mercenary". The court said it acted "unwittingly" in appointing Senior, who won the race to the courthouse, before considering the competing claims of Toliver and Calloway. According to the court, Toliver and Calloway acted with reasonable promptness in seeking to intervene in Johnson County and to ask that Senior's appointment be rescinded.

Toliver filed her motion to intervene on August 28, a month after the accident; and Calloway filed hers August 30.

The court also found it "compelling" that Toliver and Calloway should serve as co-special administrators for the benefit of their respective wards to ensure the children's interests are well-represented. After all, the beneficiaries of the wrongful-death claim are not Junior's parents but his surviving children. The court thus gave higher priority to the rights of these children's parents or guardians than to their grandparents. And it defended that determination by finding that neither grandparent was particularly close to either grandchild before the accident. The court concluded that although "diligence and promptness are virtues", the best interests of Junior's surviving children should not be determined solely by who files first. We hold that the court did not abuse its discretion in rescinding its appointment of Senior and vacating his letters of administration.

### C. Though not required by statute or rule, an appointing or rescinding court should notify interested parties and hold a hearing.

Senior's race to the courthouse just days after the accident deprived other interested parties of the opportunity to seek their own appointment. One source of this problem is that the governing statute requires no notice to beneficiaries or other interested parties before the court appoints a special administrator. I.C. § 29-1-10-15. Compounding this problem is that the statute affords no right of appeal to someone aggrieved by the court's appointment. *Id.* Although the statute does not require it, to avoid potential due-process problems, a court faced with a motion for appointment as a special administrator should afford notice to beneficiaries or their legal representatives and hold a hearing. The motion should identify each potential beneficiary or legal representative likely to be interested in the appointment of a special administrator, along with each person's contact information. The court should then notify such persons of the motion and the date, time, and place for hearing on the motion. The hearing is to determine whether the movant would be a

suitable special administrator and to permit other interested persons the opportunity to object or to file their own requests for appointment. If the motion does not identify a potential beneficiary or legal representative, it is more likely the trial court will have abused its discretion if it later refuses to rescind its appointment should that person, unnamed and unidentified in the initial motion, later come forward and assert an interest in the appointment. Though not required by Trial Rule 53.4, the trial court should promptly (within five days) schedule a hearing and provide notice when someone moves to reconsider the appointment of a special administrator.

## Conclusion

For these reasons, we affirm the trial court's order reconsidering its appointment of Senior as special administrator.

Rush, C.J., and David, Massa, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Daniel J. Zlatic
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

ATTORNEYS FOR APPELLEES
Nathaniel Lee
Faith E. Alvarez
Jennifer Lee
Lee Cossell & Crowley LLP
Indianapolis, Indiana

Edward A. McGlone
Terre Haute, Indiana