

IN THE

# Indiana Supreme Court

Supreme Court Case No. 22S-PL-307

## Conroad Associates, L.P.,
*Appellant*



FILED

Mar 24 2023, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

–v–

## Castleton Corner Owners Association, Inc. and McKinley, Inc.,
*Appellees*

Argued: November 15, 2022 | Decided: March 24, 2023

Appeal from the Marion Superior Court
No. 49D05-1612-PL-44978
The Honorable John M.T. Chavis, II, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 21A-PL-1125

**Opinion by Chief Justice Rush**

Justices Massa, Slaughter, and Goff concur.
Justice Molter not participating.

**Rush, Chief Justice.**

Jurisdictional rules ensure finality and certainty in the administration of justice. One such rule, Appellate Rule 8, erects a jurisdictional fence between the trial court and the appellate court—preventing parties from pursuing similar relief in different courts at the same time. Under Rule 8, once a final judgment is appealed and the clerk certifies completion of the record, the trial court has no authority to interfere with the subject matter of that appeal until it is terminated.

Here, the trial court issued three orders: one amending a damages award pursuant to remand instructions from a prior appeal, and two resolving issues that were pending on appeal. The parties only dispute the validity of the latter two orders. Applying Appellate Rule 8, we hold that the trial court lacked jurisdiction to issue those orders because, in each, the court directly interfered with the subject matter pending on appeal. We therefore affirm in part, reverse in part, and remand.

## Facts and Procedural History

The present appeal is the third in this case, which finds its genesis in a dispute involving a faulty sanitary lift station that serviced "various shopping centers and stand-alone buildings" in Indianapolis. In 2015, Castleton Corner Owners Association, Inc. (the "Association") was the property management entity responsible for operating and maintaining the lift station when it malfunctioned, flooding a building owned by Conroad Associates, L.P., with raw sewage. As a result, Conroad sued the Association.

Following a 2019 bench trial, the trial court found in Conroad's favor and ordered the Association to pay $213,288.70 in damages. Conroad swiftly moved for proceedings supplemental to enforce the judgment. But about two weeks later, the Association moved to stay execution of the judgment. Shortly after the trial court denied the Association's motion, it appealed, and Conroad cross-appealed ("*Conroad I*"). The Association, however, did not file an appeal bond that would have stayed enforcement prior to *Conroad I*'s resolution. *See* Ind. Trial Rule 62(D). After Conroad

filed a second motion for proceedings supplemental, the trial court held a hearing and then issued an order ("Proceedings Supplemental Order") to satisfy the judgment. In that order, the court transferred to Conroad the lift station, related easement interests, and "all other assets of the Association." Then, after the court denied the Association's motion to reconsider, Conroad recorded its interest in the assets with the Marion County Recorder.

With *Conroad I* still pending, the Association filed a notice appealing the Proceedings Supplemental Order ("*Conroad II*"). On July 14, the Notice of Completion of the Clerk's Record was noted in the Chronological Case Summary, vesting jurisdiction over that appeal in the Court of Appeals. *See* Ind. Appellate Rule 8. Shortly thereafter, however, the Association filed for bankruptcy—staying *Conroad II*.

About three months later, the Court of Appeals resolved *Conroad I* by affirming the Association's liability but remanding to the trial court with instructions to reduce Conroad's damages to $164,640.70. *Castleton Corner Owners Ass'n, Inc. v. Conroad Assocs., L.P.*, 159 N.E.3d 604, 615 (Ind. Ct. App. 2020), *trans. not sought*. Following certification of that opinion, the Association deposited a check with the Marion County Clerk in the amount of $183,082.69—reflecting the revised judgment and post-judgment interest—to be held in escrow. That same day, the Association filed a motion requesting the trial court to (1) amend the damages award pursuant to *Conroad I*'s remand instructions, (2) order the Marion County Clerk to disburse the held funds to Conroad in full satisfaction of the total judgment, and (3) vacate the Proceedings Supplemental Order.

With *Conroad II* still pending—and following the lift of the bankruptcy stay and a hearing on the Association's motion—the trial court, in May 2021, issued three orders adopting verbatim the Association's proposed language ("May 2021 Orders"). The first order amended the underlying judgment "consistent with the Appellate Decision" to $164,640.70, the second order directed the Association's check be disbursed to Conroad, and the third order vacated the Proceedings Supplemental Order as moot. Two days later, the Association moved to voluntarily dismiss *Conroad II*.

The Court of Appeals granted that motion, dismissing the appeal with prejudice.

Conroad subsequently filed this third appeal, contending in part that the trial court lacked jurisdiction to issue the May 2021 orders because *Conroad II* remained pending at the time. The Court of Appeals rejected the argument and affirmed. *Conroad Assocs., L.P. v. Castleton Corner Owners Ass'n, Inc.*, 187 N.E.3d 885, 897–98 (Ind. Ct. App. 2022).

Conroad petitioned for transfer, which we granted, vacating the Court of Appeals' opinion. App. R. 58(A).

## Standard of Review

The question before us is whether the trial court had jurisdiction to issue the May 2021 Orders. We review such jurisdictional questions de novo. *In re D.J.*, 68 N.E.3d 574, 577 (Ind. 2017).

## Discussion and Decision

Though this appeal stems from a convoluted procedural history leading to the trial court's May 2021 Orders, a straightforward application of Appellate Rule 8 dictates the outcome. That rule governs when and how jurisdiction passes from the trial court to the appellate court, instructing that the latter "acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." App. R. 8; *see also* App. R. 2(F). Generally, orders issued by a trial court after this date are void. *Crider v. Crider*, 15 N.E.3d 1042, 1064 (Ind. Ct. App. 2014), *trans. denied*.

We initially note the trial court here had jurisdictional authority to issue the Proceedings Supplemental Order while *Conroad I* was pending for two reasons. First, trial courts retain authority to enforce a judgment so long as that enforcement is not the subject matter of a pending appeal. *See, e.g., id.* at 1064–65. And second, the Association did not file an appeal bond that would have otherwise stayed proceedings supplemental. *See* T.R. 62(D).

But whether the trial court had jurisdiction to issue the May 2021 Orders is a different inquiry.

*Conroad II*—the Association's appeal of the Proceedings Supplemental Order—was pending when the trial court issued the May 2021 Orders: the first amended the judgment pursuant to *Conroad I*'s remand instructions, the second declared satisfaction of judgment ("Satisfaction Order"), and the third vacated the Proceedings Supplemental Order ("Vacatur Order"). The parties do not dispute the validity of the first order, but Conroad argues that the trial court lacked jurisdiction to enter the latter two orders. The Association disagrees, contending the court retained jurisdiction.

We agree with Conroad. Applying Appellate Rule 8, we hold the trial court lacked jurisdiction to issue the Satisfaction Order and the Vacatur Order because each interfered with the subject matter of a pending appeal. We therefore affirm in part, reverse in part, and remand.

## I. Under Appellate Rule 8, the trial court lacked jurisdiction to issue the Satisfaction Order and the Vacatur Order.

To explain why the trial court lacked jurisdiction to issue the Satisfaction Order and the Vacatur Order, we first clarify when, and to what extent, a trial court may amend a judgment that is pending on appeal. We then apply those principles to the two orders at issue here.

### A. Trial courts retain authority over matters that do not interfere with the subject matter pending on appeal.

As a general rule, trial courts may revisit a ruling when the matter remains *in fieri*—in other words, pending judgment. *In re Estate of Lewis*, 123 N.E.3d 670, 673 (Ind. 2019). But once judgment is entered, an appeal is filed, and the clerk's record is complete, Appellate Rule 8 divests the trial court of "jurisdiction to act upon the judgment appealed from until the appeal has been terminated." *Schumacher v. Radiomaha, Inc.*, 619 N.E.2d 271, 273 (Ind. 1993). This rule serves an important purpose in that it facilitates "the orderly presentation and disposition of appeals and

prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment." *Coulson v. Ind. & Mich. Elec. Co.*, 471 N.E.2d 278, 279 (Ind. 1984) (quoting *Donahue v. Watson*, 413 N.E.2d 974, 976 (Ind. Ct. App. 1980)) (cleaned up).

Despite Appellate Rule 8's jurisdictional fence, trial courts nevertheless retain authority "over matters which are independent of and do not interfere with the subject matter of the appeal." *Crider*, 15 N.E.3d at 1064–65 (quoting *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008)); *see also Bradley v. State*, 649 N.E.2d 100, 106 (Ind. 1995). Such independent matters include "reassessing costs, correcting the record, or enforcing the judgment." *Bradley*, 649 N.E.2d at 106. Additionally, a trial court can continue with trial during an interlocutory appeal of an order transferring or refusing to transfer venue of a case. T.R. 75(E).

Aside from these circumstances, Appellate Rule 37 enables litigants to hurdle Rule 8's jurisdictional fence by providing a mechanism for the trial court to regain jurisdiction while an appeal is pending. Either party can file a motion with the appellate court requesting the appeal be "temporarily stayed and the case remanded to the trial court . . . for further proceedings." App. R. 37(A). And if the appellate court grants that motion, the trial court "obtain[s] unlimited authority on remand," unless the order specifies otherwise. App. R. 37(B). We turn now to apply these principles to the two orders at issue here.

## B. The Satisfaction Order and the Vacatur Order interfered with the subject matter pending on appeal.

The Court of Appeals acquired jurisdiction over the Proceedings Supplemental Order on July 14, 2020, when the Notice of Completion of the Clerk's Record was noted in the Chronological Case Summary. *See* App. R. 8. And neither party filed a motion under Appellate Rule 37 requesting that appeal—*Conroad II*—be stayed and the case remanded to the trial court. Yet, while *Conroad II* was pending, the trial court issued the Satisfaction Order and the Vacatur Order. The question then is whether these orders interfered with the subject matter of the pending appeal. We

hold that they did, and thus, the trial court lacked jurisdiction to enter them.

In the Satisfaction Order, the trial court directed the clerk to release and pay the funds "currently held in escrow for the benefit of Conroad . . . in satisfaction of the Judgment." But the issue of how the Association would satisfy the judgment was pending on appeal. Indeed, the Proceedings Supplemental Order—the appealed order in *Conroad II*—satisfied the judgment a different way by transferring to Conroad "all" of the Association's assets, including the lift station, bank-account funds, and easement interests. Thus, the Satisfaction Order interfered with the subject matter of a pending appeal.

The same is true for the Vacatur Order. In that order, the trial court recognized that "the Pro Supp Order purportedly divested the Association of the property interests and vested them in Conroad" but concluded that "the process by which this action was ostensibly taken was flawed." This precise issue—the propriety of the title transfer—was pending in *Conroad II*. The Association even conceded this point when it moved the Court of Appeals to dismiss *Conroad II*, noting the Proceedings Supplemental Order "is the subject of this appeal."

The Association, however, contends the trial court retained jurisdiction to issue the Satisfaction and Vacatur Orders, arguing that the decision in *Conroad I*—amending the underlying judgment—effectively nullified the Proceedings Supplemental Order. We disagree.

It's true that proceedings supplemental "are a nullity" without a valid judgment. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind. Ct. App. 2005). But *Conroad I*'s reduction of the damages award did not invalidate the underlying judgment; it simply required the trial court to amend the judgment in accordance with the remand instructions. Nor did *Conroad I* authorize the trial court to modify how the underlying judgment would be enforced because this issue was pending in the appeal of the Proceedings Supplemental Order—itself a final judgment the trial court could not revisit absent authority, *see Kirk v. Monroe Cnty. Tire*, 585 N.E.2d 1366, 1369 (Ind. Ct. App. 1992).

To be sure, certain trial rules and statutes provide trial courts with authority to disturb a final judgment. *See* T.R. 41(F) (allowing a dismissal with prejudice to "be set aside" on narrow grounds); T.R. 52(B) (allowing amendment of a judgment in limited circumstances); T.R. 59 (allowing motions to correct error within thirty days of entry of final judgment being noted in the CCS); T.R. 60(B) (allowing a court to "relieve a party . . . from a judgment" for eight specific reasons); *see also* Ind. Code § 33-23-2-4. But none of these bases were invoked here.

To summarize, when a matter is pending on appeal, Appellate Rule 8 controls. The circumstances of a particular case—however unusual they may be—do not enable a trial court to hurdle that rule's jurisdictional fence. And here, plain application of Rule 8 establishes that the trial court lacked jurisdiction to issue the Satisfaction Order and the Vacatur Order because each interfered with the subject matter of a pending appeal. Those orders are therefore void.

## Conclusion

The trial court retained jurisdiction to issue an order amending a damages award pursuant to instructions on remand, but under Appellate Rule 8, the court lacked jurisdiction to issue two other orders because each interfered with the subject matter of a pending appeal. Thus, those two orders are void. Since we resolve this case under Rule 8, we need not address the parties' alternative arguments. We therefore affirm in part, reverse in part, and remand for proceedings consistent with this opinion.[1]

Massa, Slaughter, and Goff, JJ., concur.
Molter, J., not participating.

---

[1] We thank amici—the Indiana Mortgage Bankers Association and the Indianapolis Bar Association's Appellate Practice Section—for their helpful briefs.

ATTORNEYS FOR APPELLANT CONROAD ASSOCIATES, L.P.

Christopher J. Bayh

John R. Maley

Beth A. Behrens

Barnes & Thornburg LLP

Indianapolis, Indiana

ATTORNEYS FOR APPELLEE CASTLETON CORNER OWNERS ASSOCIATION, INC.

Jenny R. Buchheit

Angela P. Krahulik

Meredith A. Wood

Ice Miller LLP

Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE INDIANA MORTGAGE BANKERS ASSOCIATION

Donald E. Morgan

Taft Stettinius & Hollister

Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANAPOLIS BAR ASSOCIATION, APPELLATE PRACTICE SECTION

Paul L. Jefferson

McNeelyLaw LLP

Indianapolis, Indiana

Carol Nemeth Joven

Williams & Piatt, LLC

Indianapolis, Indiana

Lucy R. Dollens

Quarles & Brady LLP

Indianapolis, Indiana

Joshua S. Tatum

Plews Shadley Racher & Braun LLP

Indianapolis, Indiana

Joel M. Schumm

Indianapolis, Indiana