


FILED

Dec 20 2024, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Lennard Coleman Sr.,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

December 20, 2024

Court of Appeals Case No.
24A-CR-439

Appeal from the Tippecanoe Superior Court

The Honorable Michael A. Morrissey, Judge

Trial Court Cause No.
79D06-0503-FB-000018

---

**Opinion by Judge Felix**
Judges Pyle and Weissmann concur.

**Felix, Judge.**

## Statement of the Case

Lennard Coleman Sr. was sentenced to 50 years of incarceration for armed robbery and being a habitual offender. After unsuccessful appeals and motions to correct his allegedly erroneous sentence, Coleman filed a motion for sentence modification. The trial court denied this motion. Coleman then requested a change of judge, which the trial court granted; the new judge denied Coleman's motion to reconsider the denial of his motion for sentence modification. Coleman now appeals, raising four issues for our review that we restate as the following two issues:

1. Whether the trial judges were disqualified from ruling on Coleman's motions; and
2. Whether the trial court abused its discretion by denying Coleman's motion for sentence modification and motion to reconsider that denial.

We affirm.

## Facts and Procedural History

In 2005, a jury convicted Coleman of robbery while armed with a deadly weapon as a Class B felony, and he was found to be a habitual offender. The trial court sentenced Coleman to a total of 50 years of incarceration. Since his conviction and sentencing, Coleman has filed several motions and appeals challenging his conviction, all of which have been unsuccessful. *See Coleman v. State*, 851 N.E.2d 1074, No. 79A02-0602-CR-78 (Ind. Ct. App.) (mem.), *trans. denied*, 860 N.E.2d 591 (Ind. 2006); *Coleman v. State*, 42 N.E.3d 173, No.

79A05–1506–CR–635 (Ind. Ct. App. 2015) (mem.); *Coleman v. State*, 139 N.E.3d 732, No. 19A-CR-859 (Ind. Ct. App. 2019) (mem.), *trans. denied*, 141 N.E.3d 810 (Ind. 2020).

[4] On September 15, 2023, Coleman filed a motion for sentence modification. The trial court gave the State 30 days to file a response. When the State failed to timely respond, Judge Meyer set a status hearing on Coleman's motion. On January 5, 2024, Judge Meyer held the status hearing and gave the State until January 10 to file a response to Coleman's motion, which it did on January 8. In its response, the State asserted that Coleman was a "violent criminal" under Indiana Code section 35-38-1-17(d) and that it did "not consent to modify [Coleman's] sentence" because of "the nature of the offense" and Coleman's criminal history. Appellee's App. Vol. II at 3. On January 8, 2024, Judge Meyer denied Coleman's motion for sentence modification. Judge Meyer concluded the State's consent was necessary to modify his sentence, and the State did not so consent.

[5] On January 22, 2024, Coleman filed a motion for change of judge, alleging that Judge Meyer had represented him in "Cause No. 79A02-9707-CR-437 and several other cases," which "presents a clear conflict of interest."[1] Judge Meyer granted Coleman's motion, explaining:

---

[1] Coleman does not include in his appendices his motion for change of judge, so we have taken judicial notice thereof pursuant to Indiana Appellate Rule 27.

This is the first time the Defendant has raised the issue of prior representation by this Judicial Officer. This Judicial Officer was unaware that he previously represented Defendant almost 20 years ago. While this Court does not find a direct conflict based upon past representation so many years ago, the Court will nonetheless grant the Motion . . . .

Appellant's App. Vol. II at 94. Judge Michael Morrissey assumed jurisdiction of Coleman's case as a special judge. Thereafter, on February 9, 2024, Coleman filed a motion to reconsider the denial of his motion for sentence modification. Judge Morrisey denied this motion. Coleman now appeals.

## Discussion and Decision

### 1. Coleman Waived Appellate Review of His Claims Regarding Judge Meyer and Judge Morrissey

[6] Coleman argues that both Judge Meyer and Judge Morrissey were not "qualified" to rule on his motion to modify his sentence and his motion to reconsider, respectively. However, Coleman's noncompliance with the Indiana Appellate Rules substantially impedes our review of the merits of these arguments, so he has waived them for our review.[2]

[7] The Appellate Rules require that statements of fact are supported by citations to the record, *see* Ind. Appellate Rule 46(A)(5), 46(A)(6)(a), 46(A)(8)(a), and

---

[2] Coleman's decision to proceed pro se does not loosen the requirements of the Indiana Appellate Rules. *See Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) (citing *In re G.P.*, 4 N.E.3d 1158 (Ind. 2014)) ("A pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented.").

statements of law are supported by citations to authority, *see id.* 46(A)(8)(a). Furthermore, "[w]e will not step in the shoes of the advocate and fashion arguments on his behalf, 'nor will we address arguments' that are 'too poorly developed or improperly expressed to be understood.'" *Miller*, 212 N.E.3d at 657 (quoting *Dridi*, 172 N.E.3d at 364). To that end, Appellate Rule 46(A)(8)(a) requires a party to support its arguments with cogent reasoning.

[8] Coleman's brief lacks cogent reasoning to support his contentions that Judge Meyer and Judge Morrissey were disqualified from ruling on his motion for sentence modification and his motion to reconsider the denial of that motion, respectively. Coleman's failure to support his arguments on this issue with cogent reasoning, combined with his failure to provide the applicable standard of review, *see* App. R. 46(A)(8)(b), and citations for numerous statements of fact throughout his brief, *see id.* 46(A)(5), 46(A)(6)(a), 46(A)(8)(a), results in a substantial impediment to our ability to review the merits of this issue, *see Pierce*, 29 N.E.3d at 1267. As such, Coleman has waived this issue for our review.

## 2. The Trial Court Did Not Abuse Its Discretion by Denying Coleman's Motion for Sentence Modification and Motion to Reconsider

[9] Coleman next contends that the trial court erred by denying his motion to modify his sentence and his motion to reconsider. We review for an abuse of discretion a trial court's decision to grant or deny (1) a motion to modify a sentence, *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010) (citing *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999)); and (2) a motion to

reconsider, *In re Est. of Lewis*, 123 N.E.3d 670, 673 (Ind. 2019) (citing *In re Est. of Hammar*, 847 N.E.2d 960, 962 (Ind. 2006)). An abuse of discretion occurs "only if the trial court's ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Hancz-Barron v. State*, 235 N.E.3d 1237, 1246 (Ind. 2024) (quoting *McCoy v. State*, 193 N.E.3d 387, 390 (Ind. 2022)).

[10]     First, a convicted person may request a modification of his sentence pursuant to Indiana Code section 35-38-1-17, provided certain requirements are met. A convicted person who is a "violent criminal" may file one motion for a sentence modification without the prosecuting attorney's consent not later than 365 days from the date of sentencing; after 365 days, "a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney." Ind. Code § 35-38-1-17(k). Indiana Code section 35-38-1-17(d)(1) defines a "violent criminal" as a person convicted of any of the enumerated offenses, including robbery as a Class B felony.

[11]     Here, Coleman does not dispute that he was convicted of robbery as a Class B felony, that this makes him a violent criminal under Indiana Code section 35-38-1-17(d)(1), and that he filed his 2023 motion to modify his sentence more than 365 days after the date he was sentenced in this case. Instead, Coleman argues that the State implicitly consented to his requested sentence modification by failing to file a response to his motion within the 30-day timeframe imposed by the trial court. In support of this argument, Coleman relies on federal cases discussing when consent will be implied concerning class action settlements.

Those cases are neither binding, *see Indiana Dep't of Pub. Welfare v. Payne*, 622 N.E.2d 461, 468 (Ind. 1993) (citing *Pennsylvania R.R. Co. v. F. E. Mathias Lumber Co.*, 113 Ind. App. 133, 136, 47 N.E.2d 158, 159 (1943)), nor relevant to the issue at hand.

[12] Moreover, we observe that there is no statutory deadline by which the State must respond to requests to file petitions for sentence modifications, *see* I.C. § 35-38-1-17. The trial court had the authority to set a deadline for the State's response in order to manage the trial court's docket. The trial court also had discretion to allow the State to file a response after its own self-imposed deadline passed. *See* Ind. Trial Rule 6(B). Finally, the law does not permit the filing of the motion to modify without the consent of the prosecutor. I.C. § 35-38-1-17(k). Indiana Code section 35-38-1-17(k) clearly states, "After the elapse of the three hundred sixty-five (365) day period, a violent criminal *may not file* a petition for sentence modification *without the consent of the prosecuting attorney*." *Id.* (emphases added). Even though the trial court file-stamped Coleman's motion, it was not "filed" for purposes of the trial court's review until after the State consented to its filing. *See id.* Because the State never consented to the filing of Coleman's motion, it would have been improper for the trial court to grant it.

[13] Based on the undisputed facts and the State's refusal to consent to a sentence modification for Coleman, the trial court did not abuse its discretion by denying

Coleman's motion for sentence modification.[3] For the same reasons, the trial court did not abuse its discretion by denying Coleman's motion to reconsider its denial of his motion for sentence modification.

## Conclusion

[14] In sum, Coleman waived appellate review of his claim regarding Judge Meyer and Judge Morrissey by failing to substantially comply with Appellate Rule 46, and the trial court neither abused its discretion by denying Coleman's motion for sentence modification nor by denying his motion to reconsider the denial of his motion for sentence modification. We therefore affirm the trial court on all issues raised.

[15] Affirmed.

Pyle, J., and Weissmann, J., concur.

APPELLANT PRO SE

Lennard Coleman Sr.
Putnamville Correctional Facility
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

---

[3] We also observe that the trial court could have dismissed Coleman's motion because it was not filed pursuant to Indiana Code section 35-38-1-17(k).

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana